## SUPREME COURT.

JOHN STEVENSON agt. RANSOM FAYERWEATHER and JOHN D. CLUTE.

Where the plaintiff has filed a *notice of the pendency of the action,* it is as effectual against any disposition of the property alleged to be held in trust for, or in fraud of the rights of the plaintiff as an *injunction* would be. Especially will an injunction in such case be denied where it appears that the defendant is entirely responsible to answer any claim of the plaintiff, or for any loss or damage he may sustain by any act, or breach of trust of the defendant.

*Kings Special Term, March,* 1860.
MOTION for injunction and receiver, &c.

A. H. DANA, *for plaintiff.*
HAGNER & SMITH, *for defendants.*

LOTT, Justice. It appears that the plaintiff has filed a notice of the pendency of the action. This is as effectual against any disposition of the property alleged to be held in trust for, or in fraud of the rights of the plaintiff, as an injunction can be. As to the judgment of $1,616.81 held by the defendant Fayerweather, and recovered on confession, and the judgment of foreclosure held by the defendant Clute, as well as the plaintiff's possession of the stable in Fulton Place, and the basement of the building No. 73, Fulton Avenue, the equities and claims of the plaintiff are fully denied by the answer. Besides, any assignee of those judgments would take them subject to all equities existing

against them. It is also shown that the defendant Fayer-weather is entirely responsible for any claim the plaintiff may have against him on settlement of accounts, and for any loss or damage he may sustain by the acts of the said defendant, or by the neglect of any trust he is bound to execute. There is, therefore, no ground for an interference with him by injunction, or by the appointment of a receiver to take charge or control of the property, or of the rents or income thereof.

Motion for injunction and receiver denied with $10 costs, and order for temporary injunction discharged.