[No. 609.  Decided June 21, 1892.]

THE STATE OF WASHINGTON, *on the relation of P. B. M. Miller and Eva J. Miller*, v. I. J. LICHTENBERG, *Judge of the Superior Court of King County*.

INJUNCTIONS—RESTRAINING ORDER—PENDING APPEAL.

Where, on the ground of emergency, a restraining order has been granted without notice to the adverse party, and an order made requiring the adverse party to show cause on a day certain why a temporary injunction should not be granted, but before hearing upon the application for the temporary injunction the court dismisses the cause, such restraining order cannot be kept in force pending appeal from the judgment of dismissal.

*Original Application for Mandamus.*

*Turner & McCutcheon*, for relators.

*Arthur, Lindsay & King*, for respondents.

The opinion of the court was delivered by

HOYT, J.—The relators presented their complaint to the defendant herein, and, on the ground that an emergency was made to appear showing that relief should be granted without notice to the other party, obtained an order requiring

such adverse party to show cause on a day certain why a temporary injunction should not be granted, and that in the meantime he be restrained from doing certain acts mentioned in the order of the court.   Before hearing was had upon the application for the temporary injunction such proceedings were had in the cause that the court dismissed the same for want of jurisdiction of the subject matter.   From such judgment of dismissal relators sought to prosecute an appeal to this court.   They gave notice of appeal and asked of the court an order fixing the amount of the bond necessary to be filed on appeal to keep in force the restraining order theretofore issued.   The court declined to make any order fixing the amount of such bond, and this proceeding is prosecuted by the relators in the name of the state to compel him to fix the amount of such bond, and to make an order continuing in force the restraining order above mentioned until the determination of the appeal.

Some technical objections are made on behalf of the defendent as to the sufficiency of the petition to authorize this court to grant the relief prayed for.   We shall, however, consider the case only upon the merits as they appear to us from the petition.   The sole question discussed by counsel in this regard is, as to whether or not a temporary restraining order of the nature granted in this case is such a restraining order or injunction as, by the terms of § 1409, Code Proc., the party interested is entitled to have kept in force by the giving of a bond, as provided for in said section.   That the terms "injunction or restraining order," as contained in said section, are broad enough to cover restraining orders of the kind in question is conceded.   It is claimed, however, on the part of the defendant that, when the whole statute law upon the subject of granting injunctions and restraining orders is taken into consideration, together with certain language used in said § 1409, a more restricted construction of said words, as contained in said

section, is required. It is contended on the part of the relators that, to give each of these words any force at all, they must be held, not only to cover injunctions temporary and perpetual, but also restraining orders of the kind involved herein. They say that this kind of a restraining order is the only one mentioned in the chapter upon the subject of injunctions and restraining orders, and that if the construction contended for by the defendant is to prevail, there was no reason whatever for using both the words "injunction" and "restraining order," as the use of the word "injunction" alone would have completely covered the subject, and been all that was necessary or proper to have been used. If we are to hold that this kind of an order is the only one that can properly be designated a restraining order, there would be much force in this position of relators. It seems to us, however, that under the language of the chapter relating to that subject, there will be no great violence done to the language used to interpret the words "injunction" and "restraining order" as substantially synonymous, and that the legislature, in speaking of injunctions and restraining orders, meant to use terms which would make it proper for the court to put its order in the shape of a formal injunction, as known to the common law, if it saw fit to do so, and that if it did not see fit to go into all the formalities required by the use of such a writ, it could accomplish the same purpose by issuing a simple order restraining the acts complained of. This construction of the chapter gets force from the fact that the legislature itself, in the same chapter, speaks not only of restraining orders, but also of temporary restraining orders. See § 274. If it had been the intention of the legislature to confine the designation " restraining order" to a single class, it would not have been technically correct for it to have spoken in one section of restraining orders, and in other sections of temporary restraining orders. This cir-

cumstance in itself would not be entitled to great weight, but it is entitled to consideration as tending very strongly to destroy the force of the contention on the part of the relators that we must construe the language of the legislature so as to give entire and exact force to each word used in the different provisions on the subject. As we have already said, § 1409, Code Proc., is in terms broad enough to cover the order in question, and we have also seen by the language used by the legislature that it does not necessarily follow that because the language will admit of a certain interpretation, or even because a certain interpretation is the reasonable and logical one, that the legislature must necessarily have intended it. We must look to the entire legislation upon the subject to gather what the intent of the legislature was in the enactment of any particular provision. Therefore, to properly interpret § 1409, and determine whether or not the legislature must be held to have intended to cover restraining orders of the kind in question by the use of the language therein used, it becomes necessary to examine the other language used in said section, together with the language of certain other sections of the statutes relating to the subject. Sec. 270, Code Proc., is as follows:

"No injunction shall be granted until it shall appear to the court or judge granting it that some one or more of the opposite party concerned has had reasonable notice of the time and place of making application, except that in cases of emergency, to be shown in the complaint, the court may grant a restraining order until notice can be given and hearing had thereon—"

While § 1409 contains a provision that the restraining order therein referred to shall remain in force until the appeal is finally determined. These provisions construed together tend strongely to show that § 1409 does not apply to restraining orders of this kind. The provisions of § 270 show a clear intent on the part of the legislature that no

injunction shall be granted without notice to the adverse party. The only power that is conferred upon the court by said section is to grant an order to remain in force long enough to enable the required notice to be given. And should the court, without notice, grant an order for a longer time, its action in so doing would be irregular. So soon as notice can be given and an opportunity had for the party to present his application for an injunction, aided by such notice, the restraining order granted without such notice has served its purpose, and should, if necessary, be set aside by the court. It may well be held, however, that no action of the court in that regard is required, as such order would expire by its own force as soon as the parties were before the court upon notice of the application for an injunction. The only purpose of such restraining order is to keep things *in statu quo* until the matter can be brought regularly before the court. And whether such order terminates by its own force or is terminated by order of the court, the clear intent of the legislature appears in said section to protect the rights of a party from other than a temporary interference without first giving him an opportunity to be heard. The court gets no jurisdiction in the matter for the purpose of interfering with the rights of either party until the giving of notice as required by statute. The temporary order provided for in said section is not the result of the formal action of the court, with proper jurisdiction, to determine whether or not the defendant's rights should be interfered with, but only the exercise of extraordinary power vested in the court from the necessities of the case to prevent a failure of justice. Such being the evident intent of the legislature, it will not be presumed to have placed it in the power of the moving party, against the will of the court, to keep in force indefinitely an order which was only intended to remain in force until regular action of the court could be had in the matter.

Such intention cannot be presumed from the simple fact that it has used words in § 1409 which may be held to be technically incorrect and even unnecessary unless such construction is given.

Besides, the clause of said § 1409 above quoted only applies by its terms to orders or injunctions then in force. There is nothing in the language used which shows an intent to revive any order which had been vacated or set aside before such final judgment. The language construed by the ordinary rules would only keep in force that which at the date of the rendition of the final judgment was in full force. This being so, it follows almost of necessity that it was not intended that restraining orders of the kind in question here should be covered by said section. As we have seen, these orders are to remain in force only for a short period, and are then superseded by a temporary injunction, which ordinarily remains in force during the pendency of the litigation. The fact that this particular order was in force at the time final judgment was rendered cannot change the general rule applicable to orders of this kind.

For the reasons given we think that the relators were not entitled to have the order continued in force, and that the action of the defendant in refusing their demands in that regard was not erroneous.

Another question has suggested itself to the court in the investigation of this case, but as it was not argued by counsel, and is not necessary to the determination of the cause, we shall not here decide it. The question is, as to whether or not such a final judgment has been rendered in this cause as will sustain an appeal. The petition shows that the court dismissed the action, without a hearing on the merits, for want of jurisdiction of the subject matter. Under these circumstances it may well be questioned whether the rem-

edy for erroneous action by the court is by appeal or by *mandamus*.

The prayer of the petition must be denied.

SCOTT and DUNBAR, JJ., concur.

STILES, J.—I concur in the result reached in the decision in this case, but not upon the ground upon which the decision is based. It seems to me that the language of § 1409 is too clear for explanation, notwithstanding the provisions of § 270. But under the decision of this court in *State, ex rel. Shannon, v Hunter*, 3 Wash. 92, the judgment of the superior court in this case, though in form a dismissal of the action, was in fact a refusal to hear the cause, and therefore not a final judgment which is appealable. Therefore no *supersedeas* was proper, and the only remedy open to the petitioner was by *mandamus* to hear the cause. The latter proceeding would bring the complaint in the action before this court, and the question of jurisdiction would be directly determined.

ANDERS, C. J., concurs.