[No. 1217. Decided February 7, 1894.]

JAMES M. COLEMAN AND AGNES H. COLEMAN, *Appellants*, v. THE COLUMBIA AND PUGET SOUND RAILROAD COMPANY *et al.*, *Respondents*.

EMERGENCY RESTRAINING ORDER — EXTENSION PENDING APPEAL — ESTOPPEL.

A restraining order issued without notice to defendants, on the ground of a temporary emergency, cannot be kept in force by plaintiff pending an appeal.

The fact that defendants have respected such an emergency restraining order for a considerable length of time, and have made no motion against it until appeal from the judgment in the action in which it was granted, does not estop them from denying that they have treated it as a temporary injunction.

*Appeal from Superior Court, King County.*

*Greene & Turner,* for appellants.

*Andrew F. Burleigh,* for respondents.

The opinion of the court was delivered by

DUNBAR, C. J. — This is a motion by respondents to strike from the files a certain order of the superior court of King county, made on the 17th day of January, 1894, on motion of appellants, fixing the amount of a bond to be given by appellants to keep in force, pending an appeal to this court, a certain order claimed by appellants to be a temporary injunction made on the 15th day of October, 1889, and to strike from the files a certain bond filed in this action in pursuance of such order on the 17th day of January, 1894. The order restraining respondents was made in October, 1889; the case was not tried until December, 1893, when the court decided the issues in favor of the defendants, respondents herein, and judgment was rendered in accordance therewith. From this judgment

the plaintiffs appealed and the court made the order complained of in this motion; so that the only question is: Will the restraining order remain in force during the appeal?

The contention of the respondents is, that the restraining order, being without notice to defendants, was in its nature and effect an emergency restraining order; that the plaintiffs and appellants never applied for or obtained a temporary injunction in this action, nor served the defendants and respondents with notice of their intention to apply for one, and that no temporary injunction was ever ordered or allowed in this action. The affidavit on which the restraining order was based alleges that "if said defendants or any of them are informed by service of summons or otherwise that the plaintiff was about to apply for an injunction, that they would go upon said premises, and take possession thereof wrongfully and without right and to the great damage of the plaintiff," etc.; and the order was made without notice to the defendants.

This question was before this court in *State, ex rel. Miller, v. Lichtenberg, Judge of the Superior Court of King County*, 4 Wash. 407 (30 Pac. 716), and there we held, that "where, on the ground of emergency, a restraining order has been granted without notice to the adverse party, and an order made requiring the adverse party to show cause on a day certain why a temporary injunction should not be granted, but before hearing upon the application for the temporary injunction the court dismisses the cause, such restraining order cannot be kept in force pending appeal from the judgment of dismissal."

The questions involved here, it seems to us, fall squarely under that decision. In that case the statutes were construed at some length and with considerable care, and the conclusion reached that the court had no authority in the absence of notice to do more than to grant an order which

would remain in force only long enough to enable the required notice to be given. The language of the opinion was:

"And should the court, without notice, grant an order for a longer time, its action in so doing would be irregular. So soon as notice can be given and an opportunity had for the party to present his application for an injunction, aided by such notice, the restraining order granted without such notice has served its purpose, and should, if necessary, be set aside by the court. It may well be held, however, that no action of the court in that regard is required, as such order would expire by its own force as soon as the parties were before the court upon notice of the application for an injunction. The only purpose of such restraining order is to keep things *in statu quo* until the matter can be brought regularly before the court. And whether such order terminates by its own force or is terminated by order of the court, the clear intent of the legislature appears in said section to protect the rights of a party from other than a temporary interference without first giving him an opportunity to be heard. The court gets no jurisdiction in the matter for the purpose of interfering with the rights of either party until the giving of notice as required by statute."

We are satisfied with the decision of the court in that case, and it seems to us that it is decisive of the case at bar. It is contended by the appellants that, inasmuch as the respondents have for so long a time respected the restraining order and have not moved against it, they have treated it as a temporary injunction and should now be estopped from objecting to its power. But we do not think that any additional force could be given to it by any such negative compliance by the respondents, or that they should now be refused relief because they have not sooner asked for it, or because they have not taken the responsibility of disregarding it.

The appellants invoke the maxim, "Where there is a right there is a remedy;" but it must be borne in mind

that at the common law the appellants were not entitled to a stay at all, and all the remedy that they can now claim is such remedy as is especially conferred by statute; and, as under our construction of the statute the right to continue this restraint has not been given, they have nothing to complain of.

The motion will, therefore, be granted, and the order and bond complained of will be stricken from the files.

SCOTT, HOYT, STILES and ANDERS, JJ., concur.