[No. 1738. Decided October 4, 1895.]

ROCKFORD WATCH COMPANY, *Respondent*, v. SIMON RUMPF *et al.*, *Defendants*, JOSEPH MAYER, *Appellant*.

APPEAL — BOND — APPEALABLE ORDER — TEMPORARY INJUNCTION.

Under Laws 1893, pp. 122, 123, it is only in cases where the appellant desires a stay of proceedings in the court below, or where the appeal is not from a final judgment for the recovery of money, that an order of the court fixing the amount of the penalty of the appeal bond is required.

The fact that a temporary injunction was granted on motion of respondent, without notice to the appellant, as required by Code Proc., §270, cannot be urged by respondent to defeat the appeal taken from the order granting the motion.

In an action to rescind a contract of sale on the ground of fraud and recover possession of certain merchandise fraudulently conveyed, or the value of so much thereof as could not be recovered, the plaintiff is not entitled to a temporary injunction against a defendant to whom the debtor had conveyed real estate, when the complaint, unsupported by affidavits, alleges merely that the deed was without consideration and executed in furtherance of a conspiracy to cheat and defraud plaintiff, and that the grantee will dispose of same unless enjoined from so doing; and there is no allegation that the grantee is insolvent or is threatening or about to dispose of said real estate or any other property, and neither the cancellation of the deed nor any other relief than the injunction is sought against the grantee. (DUNBAR, J., dissents.)

A temporary restraining order to prevent defendant from disposing of real property should not be granted, when a statutory proceeding, such as the filing of a *lis pendens*, will effect the object desired.

*Appeal from Superior Court, King County.*

*Sapp & Lysons*, for appellant.

*Emmons & Emmons, Battle & Shipley*, and *Stratton, Lewis & Gilman*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—This is an appeal by the defendant

Mayer from an order of the superior court of King county denying a motion to vacate and set aside a temporary restraining order, and from an order granting a temporary injunction.   The respondent moves to dismiss the appeal for the alleged reasons, (1) that no order whatever was made by the judge of the superior court fixing the amount of the penalty of the bond to be given upon appeal; and (2) that the order appealed from is not an appealable order.

As to the proposition that there was no order fixing the amount of the penalty of the appeal bond, it is sufficient to observe that no such order was necessary. The bond is properly conditioned and is in the penalty of $200, and is sufficient under the statute.   It is only in cases where the appellant desires a stay of proceedings in the court below, and where the appeal is not from a final judgment for the recovery of money, that an order of the court fixing the amount of the penalty of the bond is required by the statute.   See Laws 1893, pp. 122, 123.

In respect to the second proposition, the contention of the respondent is that the order refusing to discharge the temporary restraining order is not appealable because an appeal from such orders is not authorized by the statute, and that the order granting the temporary injunction cannot be appealed from, in this instance, because the appellant is claiming that it was not granted on a hearing upon notice to him.   It is true that the statute (Laws 1893, p. 119), provides that an appeal may be taken from any order granting or denying a motion for a temporary injunction heard upon notice to the adverse party, and from any order vacating or refusing to vacate a temporary injunction; but, as this latter order was made upon respondent's own motion, it is not now in a position to avail itself

of a want of notice, whatever appellant's contention may be in regard to the matter. If, in fact, no notice was given, then respondent had no right to the order, and the court had no authority to make it. Code Proc. § 270; *State, ex rel. Miller, v. Lichtenberg*, 4 Wash. 407 (30 Pac. 716); *Coleman v. Columbia, etc., R. R. Co.*, 8 Wash. 227 (35 Pac. 1077).

It appears from the record that appellant Mayer filed a motion to vacate the temporary restraining order, and, upon the hearing, the motion was denied, and thereupon respondent orally moved for a temporary injunction, which was immediately granted, without previous notice to appellant, and over his objection, and notwithstanding his most earnest protest. The court, it appears, proceeded upon the assumption that defendant's motion to set aside the temporary restraining order must be treated as an application on the part of plaintiff for a temporary injunction. Whatever may be said of this theory upon which the court based its action, appellant was certainly entitled to previous notice under the express provision of the statute above referred to; and because appellant did not, then and there, or thereafter, formally move to vacate this order and secure a denial of his motion it is now insisted that he is without remedy and that this appeal must be dismissed. The law does not require the doing of a useless thing, and, where a required act has been substantially performed, the method or manner of doing it will not be critically regarded by the courts. The order refusing to vacate the temporary restraining order is probably not appealable, and respondent's objection concerning the order granting the temporary injunction cannot, as we have already intimated, be entertained.

The motion to dismiss the appeal must therefore be denied.

On the merits of this case little need be said. The action was brought by plaintiff primarily against the defendant Rumpf to recover the possession of certain merchandise sold to him on credit, or the value of so much thereof as plaintiff could not recover, the plaintiff having elected to rescind the contract of sale on the ground of fraud.

A short time after he received the goods, the defendant Rumpf sold them to defendants Basye & Co., and conveyed a certain tract of real estate to the defendant and appellant Mayer, and then absconded, evidently with the intention of defrauding his creditors. It is alleged, in substance, in the complaint that the deed to Mayer was without consideration and was given and received in furtherance of a conspiracy to cheat and defraud the plaintiff, and that "the said Mayer will dispose of the said real estate so conveyed to him unless he also is enjoined by writ of injunction to be issued herein, from so doing." Plaintiff does not ask any relief as against appellant, except an injunction to restrain him from disposing of said real estate. Nor does it allege that he is insolvent or is threatening, or is about to dispose of said real estate, or any other property, or even ask that the deed to Mayer be canceled and set aside.

No affidavits were filed in support of the motion for a temporary injunction, and, upon a careful examination of the complaint, we fail to find sufficient facts stated to warrant either the restraining order, or the temporary injunction. *Harris v. Taylor*, 15 Cal. 348.

The allegation that defendant will sell the real estate deeded to him by Rumpf unless restrained, is but the

expression of an opinion unwarranted by any facts alleged.  *Hoke v. Perdue*, 62 Cal. 545.

Injunction is an equitable remedy, and the writ ought never to be granted except in very clear cases and where there is no plain, speedy, adequate and sufficient remedy at law.  Where the injury complained of can be compensated in damages, injunction is not the proper remedy.  *Wilson v. Mineral Point*, 39 Wis. 160.

Nor should the writ be issued where a statutory proceeding, such as the filing of a *lis pendens*, will effect the object desired.  *Stevenson v. Fayerweather*, 21 How. Pr. 449.

The order granting the temporary injunction must be reversed.

HOYT, C. J., and SCOTT and GORDON, JJ., concur.

DUNBAR J. (*dissenting*).—I dissent.  I think the complaint states facts sufficient to justify the issuance of the injunction