[No. 1866. Decided February 26, 1896.]

N. P. LARSEN, *Respondent*, v. WILLIAM WINDER, *Appellant*.

INJUNCTION — NECESSITY OF NOTICE — APPOINTMENT OF RECEIVER.

An order granting an injunction, without notice to the defendant and without containing any provision limiting it to a day certain upon which a hearing should be had and an opportunity afforded the defendant to show cause why it should not thereafter be continued in force, is void.

An order appointing a receiver, made without notice to the adverse party, is void.

Appeal from Superior Court, Chehalis County.—Hon. MASON IRWIN, Judge. Reversed.

*Hogan & McGerry*, for appellant.

*J. C. Cross*, for respondent.

The opinion of the court was delivered by

GORDON, J.— Respondent filed his complaint in this action with the clerk of the superior court on the 22d day of January, 1895, which complaint alleged in substance that appellant and respondent were partners engaged in the grocery business within the county of Chehalis, and set out what purported to be a copy of the articles of copartnership. It also alleged appellant's failure to keep and perform certain agreements which the articles required him to keep and perform, and asked for an accounting, for the appointment of a receiver for the property, and an injunction restraining the appellant from interfering therewith.

Upon the filing of the complaint, and without any notice thereof to the appellant (defendant in said action), the court made an order granting an injunction prohibiting and restraining appellant "from in any

way disposing of, changing the possession of, or otherwise interfering with the property of the said partnership, save and except to keep and maintain the same securely and subject to the order of the court." The court, further proceeding upon respondent's application and without any notice whatever to the appellant, made an order appointing a receiver, and commanding and directing him to possess himself of the property and moneys (described in the order) and fixing his bond. Said order further directed the appellant Winder "to deliver possession of the said property and the whole of the said property to the said receiver upon production by the said receiver of a certified copy of this order." Thereafter and within the time allowed by statute, an appeal was taken from each of said orders.

(1). We think that the action of the court in granting an injunctional order in form as made, without notice to the appellant, and without containing any provision limiting it to a day certain, fixed by the court, upon which a hearing should be had and an opportunity afforded the appellant to show cause why it should not thereafter be continued in force, was without jurisdiction and void.

Sec. 270, Code Proc., is as follows :

"No injunction shall be granted until it shall appear to the court or judge granting it that some one or more of the opposite party concerned had had reasonable notice of the time and place of making application, except that in cases of emergency, to be shown in the complaint, the court may grant a restraining order until notice can be given and hearing had thereon."

And this court, in *State, ex rel. Miller, v. Lichtenberg,* 4 Wash. 407 (30 Pac. 716), referring to this section, said :

"The provisions of § 270 show a clear intent on the part of the legislature that no injunction shall be granted without notice to the adverse party. The only power that is conferred upon the court by said section is to grant an order to remain in force long enough to enable the required notice to be given. . . . The only purpose of *such* restraining order is to keep things *in statu quo* until the matter can be brought regularly before the court. And whether such order terminates by its own force or is terminated by order of the court, the clear intent of the legislature appears in said section to protect the rights of a party from other than a temporary interference without first giving him an opportunity to be heard. *The court gets no jurisdiction in the matter for the purpose of interfering with the rights of either party until the giving of notice as required by statute.*"

We may add that in this case the allegations of the complaint were, in our opinion, wholly insufficient to show the existence of any emergency or other reason for proceeding without notice in the first instance.

(2). As to the order appointing a receiver, many of the reasons which exist requiring that notice should be given to the adverse party of an application for an injunction, are equally applicable to this branch of the case. The main point in difference, however, is that the statute in the one case requires notice, while in the other it is entirely silent concerning the subject, and resort must be had for guidance to the general principles and rules of equity. Mr. High, in his work on receivers (3d ed.), § 111, says:

"It may be stated as the settled practice, both in England and in America, to require the moving party to give due notice of the application to defendant, over whose effects he seeks the appointment of a receiver, in order that he may have an opportunity of being heard in defense."

And in § 112, he further says :

" The rule of practice thus stated, requiring notice to defendant before an application for a receiver will be entertained, would seem to be *not a matter of discretion with the court,* but an *inflexible rule which the courts* are not at liberty to disregard. And it is held to be error for the court to entertain the application, and to appoint a receiver without notice to the adverse party."

These propositions are abundantly supported by the authorities : *French v. Gifford,* 30 Iowa, 148; *Bisson v. Curry,* 35 Iowa, 72; *Railway Co. v. Jewett,* 37 Ohio St. 649; *Rogers v. Dougherty,* 20 Ga. 271; *Arnold v. Bright,* 41 Mich. 207 (2 N. W. 16); *Salling v. Johnson,* 25 Mich. 489.

In the case last cited the court say :

" It is not necessary to explain that such a proceeding [the appointment of a receiver without notice] is not within the judicial power of any one, and is a pure usurpation. The order cannot be lawfully enforced, and should be expunged, as soon as possible, as made without proper consideration."

In *Arnold v. Bright, supra,* it is said :

" The court of chancery has no more power than any other to condemn a man unheard, and to dispossess him of property *prima facie* his, and hand over its enjoyment to another on an *ex parte* claim to it. . . . A similar prejudgment of controversies by the appointment of receivers has been held in several cases to be wholly unwarranted by law."

Subdivision 5 of § 1 of the act of March 8, 1893, (Laws, p. 119), relating to appeals, provides that an appeal may be taken to this court from an order appointing a receiver. It is not to be presumed that the legislature intended such an absurdity as that a party might appeal from *an order* against the making of

which he had no right to be heard in the lower court upon either the law or the facts.

In *Brundage v. Home Savings & Loan Association*, 11 Wash. 278 (39 Pac. 666), this court held that upon an application for the appointment of a receiver, the moving party *had no right to read affidavits which had not been served upon the adverse party.* We are not required in this case to go so far as to hold that where it is made to appear by the circumstances in a given case that an imperative necessity exists for the appointment of a temporary receiver, the court might not afford relief pending a hearing upon proper notice. But in such case "the particular facts and circumstances which render such a proceeding proper should be set forth in the bill." *French v. Gifford, supra.*

The court, in the absence of any notice to the appellant, could not assume that he would be unable to show any sufficient reason why a receiver should not be appointed. The complaint herein shows that the business was being conducted in the name of the appellant and ostensibly the respondent was not interested in it. All of the allegations set out in respondent's complaint and relied upon for the appointment of the receiver were issuable merely, and the appellant would in nowise be concluded by them. At all events, the appellant was entitled to an opportunity to be heard as to the propriety of appointing a receiver, and the fitness of the person so nominated.

In *Roberts v. Washington National Bank*, 9 Wash. 12 (37 Pac. 26), this court has said :

" The right to appoint receivers vested in the courts should only be exercised when it is clearly shown to be necessary to prevent the defeat of justice. There has been a tendency in recent years among courts to appoint receivers almost as a matter of course, if the

case as made by the plaintiff's complaint seems to warrant such action.   This tendency has advanced at least as far as the proper administration of justice will allow, and in our opinion it is the duty of the courts rather to restrict than extend this growing tendency."

The orders appealed from will be reversed.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.