[No. 3364.   Decided January 2, 1900.]

*In the Matter of the Application of* GUSTAAF K. GROEN *for a Writ of Habeas Corpus.*

INJUNCTION—NECESSITY FOR NOTICE—WHEN VIOLATION OF ORDER NOT A CONTEMPT.

A defendant in a divorce suit is not guilty of contempt for which he is punishable in violating an injunctive order of the court against his in any manner disposing of the property belonging to the parties to the suit, when the injunction was granted by the court without notice, or any showing of necessity therefor, and when the order failed to make any provision for notice or give any opportunity for a hearing.

*Original Application for Habeas Corpus.*

*Frederick R. Burch* and *Davis & Gilmore,* for petitioner.

*Frank B. Weistling* and *James F. McElroy,* for respondent.

The opinion of the court was delivered by

GORDON, C. J.—This is an original application for a writ of habeas corpus directed to the sheriff of King county, requiring him to restore the petitioner to his lib-

erty. From the petition and return it appears that on August 17, 1899, one Sarah Kate Groen, wife of the petitioner, filed in the superior court of King county her complaint seeking a divorce, and incidentally that she be decreed the owner of, and entitled to the possession of, certain property described in the complaint.

On the same day the court, upon the application of the plaintiff, supported by her affidavit, granted an injunctive order restraining and prohibiting the defendant from interfering with the plaintiff during the pendency of the action, and from "in any manner disposing of or mortgaging" a certain lodging house described in the order.

No necessity for an injunctive order is set forth in the complaint, nor is there any prayer therein for such an order. The order was made without any notice whatever to the defendant; and the affidavit on which it was made does not set forth any reason why the order should issue without notice, nor does it contain any showing of emergency whatever. The order itself makes no provision for a hearing, and no return day was inserted. Thereafter, plaintiff filed an affidavit charging the defendant with having violated the terms and conditions of the order, whereupon rule to show cause issued. Upon the return day, after hearing the parties and considering the proofs, the court adjudged the petitioner guilty of contempt, and directed that he pay a fine of $100, and be imprisoned in the county jail of King county for the term of twenty days.

The question to be determined is, Did the court have lawful authority to make the order which the petitioner violated? Under numerous decisions of this court, it must be held that in granting the injunction without notice, and without any showing of necessity therefor, and in failing to make any provision for notice and an opportunity for hearing, the court exceeded its powers, and the petitioner is entitled to his discharge. *State ex rel. Miller*

*v. Lichtenberg*, 4 Wash. 407 (30 Pac. 716) ; *State ex rel. Pub. Co. v. Milligan,* 3 Wash. 144 (28 Pac. 369) ; *Larsen v. Winder,* 14 Wash. 109 (44 Pac. 123; 53 Am. St. Rep. 864) ; *State ex rel. Evans v. Winder,* 14 Wash. 114 (44 Pac. 125) ; *State ex rel. Boardman v. Ball,* 5 Wash. 387 (31 Pac. 975, 34 Am. St. Rep. 866). See, also, *In re Ayers,* 123 U. S. 443 (8 Sup. Ct. 164) ; *In re Sawyer,* 124 U. S. 200 (8 Sup. Ct. 482).

The question is settled by the statute, which contains a clear and unmistakable limitation upon the power to grant injunctions. Section 270, 2 Hill's Code, is as follows:

" No injunction shall be granted until it shall appear to the court or judge granting it that some one or more of the opposite party concerned has had reasonable notice of the time and place of making application, *except that in cases of emergency,* to be shown in the complaint, *the court may grant a restraining order until notice can be given and hearing had thereon.*"

In *State ex rel. Miller v. Lichtenberg, supra,* we said:

" The court gets no jurisdiction in the matter for the purpose of interfering with the rights of either party until the giving of notice as required by statute. *The temporary order provided for in said section* [270, *supra*] is not the result of the formal action of the court, with proper jurisdiction, to determine whether or not the defendant's rights should be interfered with, but only the exercise of extraordinary power vested in the court *from the necessities of the case to prevent a failure of justice.*"

The fact that the order which the petitioner is charged with having violated was made in the course of the proceedings in an action for divorce does not take the case out of the rule laid down in the authorities already cited, or warrant the application of a different rule. It is a principle universally recognized that notice and an opportunity to be heard are essential to the exercise of jurisdiction. In a case of grave exigency and pressing emer-

gency, in order to prevent the failure of justice, a provisional order may be made until notice can be given. The object of the statute which enables the property rights of married persons to be determined in a divorce action, was to prevent a multiplicity of suits. It simply extended to the divorce court jurisdiction to fully determine and adjust, in the one action, the property rights of the divorce suitors. It does not confer any new, peculiar, or exclusive jurisdiction, but merely invests the divorce court with law and chancery jurisdiction for the purpose, as has been said, of avoiding a multiplicity of suits. It is monstrous to assume that because the legislature has endowed that court with jurisdiction to adjust property rights, that it may exercise that jurisdiction in any other than the usual mode. To justify such an assumption a new definition of "due process of law" must be given. As well might it be claimed that the legislature could dispense with notice in any form of action. If in one, why not in all?

Due process of law, orderly procedure, and a decent regard for the rights of individuals, alike require the giving of notice and an opportunity to be heard; and to depart from this universally recognized principle in a case presenting no emergency, is to disregard the plain provisions of the statute (§ 270, *supra*), and a principle as old as the law itself. The conduct of the petitioner was flagrant and reprehensible, but this consideration does not aid us in determining the legal principle involved in and underlying the question we are called upon to determine.

The petitioner must be discharged, and it is so ordered.

DUNBAR, REAVIS and FULLERTON, JJ., concur.