DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 6215. Decided December 13, 1906.]

FRANK J. HEMEN, *Respondent*, v. W. V. RINEHART *et al.*,
*Appellants.*[1]

INJUNCTION—TEMPORARY RESTRAINING ORDER—DURATION. Under
Bal. Code, § 5435, authorizing an emergency restraining order until
notice can be given and a hearing had, a temporary injunction en-
joining the enforcement of a judgment issued without notice, hear-
ing or service of· citation, is of no force after the lapse of a reason-
able time to secure a hearing, and cannot be pleaded eleven years
after to show that the judgment lien could not have been enforced. ·

TAXES—PAYMENT BY JUDGMENT CREDITOR—EQUITABLE LIEN. The
payment by a judgment creditor, who in good faith believes he has
a lien upon real estate, of general taxes thereon, for the purpose of
protecting his lien, is not a voluntary payment, and entitles the
creditor to an equitable lien on the land for the taxes paid, with
interest.

JUDGMENTS—LIEN—DURATION. Absence from the state by the
judgment debtor does not extend the lien of the judgment, which
under Bal. Code, § 5132, expires five years after the date òf the rendi-
tion of the judgment. ,

Appeal from a judgment of the superior court for King
county, Griffin, J., entered March 7, 1906, in favor of the
plaintiff in an action to quiet title, upon sustaining a demurrer
to affirmative defenses. Reversed.

*Geo. McKay,* for appellants.

*Ira Bronson* and *D. B. Trefethen,* for respondent.

[1]Reported in 87 Pac. 953.

CROW, J.—This is an action to quiet title to eighty acres of land in King county. The plaintiff, Frank J. Hemen, alleged that, on October 11, 1893, a judgment which had been rendered on September 16, 1893, was entered in the superior court of King county, in cause No. 16,254, in favor of W. V. Rinehart, one of the defendants herein and plaintiff therein, against Alf. H. Turner and others, defendants therein, for $5,500, interest, and costs; that, on the date of the entry of the judgment, Alf. H. Turner was the owner of the legal title to the land in controversy in this action; that afterwards, on September 26, 1899, a motion was entered to revive the judgment, and served on all the defendants therein except the defendant Alf. H. Turner; that the judgment was afterwards revived as to all the defendants except Turner; that the judgment creditor, W. V. Rinehart, is now asserting a lien under his alleged judgment on the land which formerly belonged to Turner, but which now belongs to the plaintiff, who purchased the same from Turner without any knowledge of the pretended claim of Rinehart to a lien thereon; that the plaintiff, Frank J. Hemen, owns the land in law and in equity, discharged and free from any claims of the defendant W. V. Rinehart, or others claiming through or under him, and that the claim asserted by Rinehart casts a cloud upon the plaintiff's title. The defendant W. V. Rinehart, and the defendant H. C. Hollenbeck, to whom he assigned his judgment, for their first affirmative defense, alleged, that W. V. Rinehart obtained his judgment against Turner on October 11, 1893; that the judgment has never been reversed, vacated or set aside, but is still in full force and effect; that at the date of its entry, Alf H. Turner was the owner of the fee simple title to the land now claimed by plaintiff; that on November 23, 1893, Alf H. Turner commenced action No. 16,877 in the superior court of King county, against W. V. Rinehart, one of the defendants herein, and others, to enjoin the collection and enforcement of the judgment against him,

and that on the same date, November 23, 1893, he obtained
the following restraining order:

"It appearing from the complaint in the above entitled ac-
tion that a judgment was rendered in cause No. 16,254 in
favor of W. V. Rinehart and against Alfred H. Turner,
plaintiff herein; and it further appearing to the satisfaction
of the court that the plaintiff is entitled to have the collection
of said judgment enjoined as to himself and is entitled to
have a restraining order and injunction herein, restraining
said defendant W. V. Rinehart, plaintiff in said cause num-
ber 16,254 in the superior court of King county, from taking
any further steps or proceedings whatever for the enforce-
ment of said judgment against said plaintiff Turner until the
further order of this court, and that plaintiff is further en-
titled to relief against said judgment asked for in his com-
plaint herein;

"Now, therefore,    .   .   .    it is hereby ordered and de-
creed by the court that the said defendant W. V. Rinehart,
his agents, servants and every other person whomsoever, be
and they are hereby enjoined and restrained from collecting or
in anywise proceeding to enforce the collection of the said
judgment or from taking any steps or proceedings whatever
under authority of the said judgment rendered against said
Alf. H. Turner in favor of said W. V. Rinehart in said cause
numbered 16,254 of the superior court of King county, Wash-
ington, or under any execution issued by authority of said
judgment until the further orders of this court; and that said
defendant W. V. Rinehart be, and hereby is, cited to appear
before this court upon the 5th day of December, 1893, at
9:30 A. M., to show cause why this injunction should not be
made perpetual;"

that the foregoing order has never been vacated; that al-
though the injunction has never been made permanent, it is
still in force and effect; that on June 17, 1905, the defendant
Rinehart appeared in the injunction suit and filed and served
his answer, since which time no further proceedings have been
had; that the injunction suit is still pending; that on March
7, 1905, Alf. H. Turner conveyed the land to the plaintiff,
Frank J. Hemen, who took the same with notice of the judg-
ment lien of the defendants; that the sum of $12,200 remains

due and unpaid on the judgment; that to preserve the judg-
ment lien it became necessary to pay the taxes on the land;
and that the defendants had paid such taxes, amounting to
$231.20, the last payment made being taxes for the year
1904.

For their second affirmative defense the defendants Rine-
hart and Hollenbeck allege that, since the rendition of the
judgment in favor of Rinehart and against Turner, he,
the said Turner, has been absent from and resided out of the
state of Washington, for periods of time equal to eight years
in all. To each of these affirmative defenses the plaintiff
Hemen interposed a general and special demurrer, the
grounds of special demurrer being, (1) that the action has
not been commenced within the time limited by law, and (2)
that several causes of action have been improperly joined.
The demurrers being sustained to both defenses, the defend-
ants declined to plead further. Thereupon judgment was
entered in favor of the plaintiff, quieting his title, and the de-
fendants have appealed.

The appellants contend, that the restraining order pleaded
in their answer is still in full force and effect; that by reason
thereof they have been continually enjoined from taking any
steps or proceedings whatsoever to enforce or collect their
judgment; that they have been unable to proceed by execution
or by a motion to revive. They further contend, that the
respondent Hemen bought the land during the pendency of
the injunction suit; that by the injunction they have been
continuously prevented from instituting any proceeding
whatever on the judgment, and that their judgment lien on
respondent's land, which formerly belonged to Turner, has
therefore continued until the present time. On the other
hand, the respondent contends that, under Bal. Code, § 5132
(P. C. § 783), the judgment against Turner ceased to be a
lien after five years from the date of its rendition. He
further contends that the appellants Rinehart and Hollen-
beck have not been enjoined from reviving the judgment

against Turner, and that having neglected to do so, they now hold no lien whatever against the land.

The restraining order above set forth seems to have been granted without notice, upon the allegations of the complaint, as an emergency order. It directed that the appellant Rinehart be cited to appear on December 5, 1893, and show cause why the injunction should not be made perpetual. There is no allegation that the order was ever served on the appellant Rinehart, or that he was cited to appear and show cause why the injunction should not be made perpetual. His first appearance was made by answer on June 17, 1905, more than eleven years after the entry of the restraining order, and nothing further has been done.

We then have before us an emergency restraining order, granted November 23, 1893, on the allegations of a complaint without notice, and are called upon to determine its present legal effect. Bal. Code, § 5435 (P. C. § 487), provides that no injunction shall be granted in the absence of reasonable notice, except that in cases of emergency, to be shown by the complaint, the court may grant a restraining order until *notice can be given and a hearing had thereon.* Evidently the legislature intended that such emergency restraining order should be granted to preserve the existing status for such a reasonable time as might be required to give notice to the party restrained and secure him a hearing. It surely could not have been the legislative intent that such *ex parte* emergency order should continue in full force and effect for an indefinite period, or, as is now contended by the appellants, for more than eleven years, simply because the party restrained was not cited, or failed to appear and move for a dissolution.

In *State ex rel. Miller v. Lichtenberg*, 4 Wash. 407, 30 Pac. 716, this court, in construing § 270, 2 Hill's Code (Bal. Code, § 5435, P. C. § 487), said:

"The provisions of § 270 show a clear intent on the part of the legislature that no injunction shall be granted without

notice to the adverse party. The only power that is conferred upon the court by said section is to grant an order to remain in force long enough to enable the required notice to be given. And should the court, without notice grant an order for a longer time, its action in so doing would be irregular. So soon as notice can be given and an opportunity had for the party to present his application for an injunction, aided by such notice, the restraining order granted without such notice has served its purpose, and should, if necessary, be set aside by the court. It may well be held, however, that no action of the court in that regard is required, as such order would expire by its own force as soon as the parties were before the court upon notice of the application for an injunction. The only purpose of such restraining order is to keep things *in statu quo* until the matter can be brought regularly before the court. And whether such order terminates by its own force or is terminated by order of the court, the clear intent of the legislature appears in said section to protect the rights of a party from other than a temporary interference without first giving him an opportunity to be heard. The court gets no jurisdiction in the matter for the purpose of interfering with the rights of either party until the giving of notice as required by statute. The temporary order provided for in said section is not the result of the formal action of the court, with proper jurisdiction, to determine whether or not the defendant's rights should be interfered with, but only the exercise of extraordinary power vested in the court from the necessities of the case to prevent a failure of justice. Such being the evident intent of the legislature, it will not be presumed to have placed it in the power of the moving party, against the will of the court, to keep in force indefinitely an order which was only intended to remain in force until regular action of the court could be had in the matter."

See, also, *Coleman v. Columbia etc. R. Co.*, 8 Wash. 227, 35 Pac. 1077; *Rockford Watch Co. v. Rumpf*, 12 Wash. 647, 42 Pac. 213; *Larsen v. Winder*, 14 Wash. 109, 44 Pac. 123, 53 Am. St. 864; *In re Groen*, 22 Wash. 53, 60 Pac. 123.

The allegations of the first affirmative defense of the answer fail to show that the appellant Rinehart ever appeared

in the injunction suit prior to June 17, 1905, or that the order was ever served upon him. Assume, however, that it was served, and that he wished to proceed with the collection of his judgment, or desired to institute proceedings for its revival, and that he did not intend to take any chance of being in contempt of court, he could have directed the attention of the superior court to the restraining order which had been granted on the allegations of the complaint, and to the fact that no further showing had ever been made. Had he done this, he would undoubtedly have secured an order dissolving the injunction and permitting him to proceed in such lawful manner as he might desire. He is now in no position to plead the order for the purpose of showing that he has been continually enjoined, or that his judgment lien has been preserved until the present time. Nor can the fact that no further action was taken by Turner, the plaintiff in the injunction suit, excuse him for his own laches and delay. The answer fails to show a judgment lien on the respondent's land.

The first affirmative defense does, however, allege the payment of $231.20 of general taxes by the appellants, which they made for the purpose of protecting their asserted lien. These payments were not voluntary, but were made in good faith. The judgment was an actual lien for the period of five years after its rendition, and the appellants have in good faith, although erroneously, believed and insisted that they have continued to hold a lien until the present time. Under the previous decisions of this court, they are entitled to an equitable lien on the land for the total amount of taxes paid by them, with interest from the several dates of payment. *Packwood v. Briggs*, 25 Wash. 530, 65 Pac. 846; *Dunsmuir v. Port Angeles Gas etc. Power Co.*, 30 Wash. 586, 71 Pac. 9; *Rothchild Bros. v. Rollinger*, 32 Wash. 307, 73 Pac. 367; *Ball v. Clothier*, 34 Wash. 299, 75 Pac. 1099.

As the first affirmative defense pleaded facts showing the appellants to be entitled to an equitable lien on the land for taxes paid by them, and as some of these taxes were paid as late as for the year 1904, the trial court erred in sustaining the respondent's demurrer to such first affirmative defense. The demurrer to the second affirmative defense was properly sustained. Under Bal. Code, § 5132 (P. C. § 783), the judgment ceased to be a lien at the expiration of five years from the date of its rendition. *Brier v. Traders' Nat. Bank*, 24 Wash. 695, 64 Pac. 831; *Hardin v. Day*, 29 Wash. 664, 70 Pac. 118.

The existence, validity and extent of a judgment lien are entirely dependent upon statutory enactments. There is no statute in this state providing that absence of a judgment debtor from the state shall extend the duration of a judgment lien beyond the statutory period. The lien expired by limitation without regard to the presence of Turner within the state, or his absence therefrom.

The judgment is reversed, and the cause remanded with instructions to the honorable trial court to overrule the demurrer to the first affirmative defense.

DUNBAR, HADLEY, and ROOT, JJ., concur.

MOUNT, C. J. and RUDKIN, J., took no part.