[No. 6456.    Decided April 1, 1907.]

THE CITY OF SPOKANE, *Respondent*, v. SECURITY SAVINGS SOCIETY *et al.*, *Appellants*.[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—REASSESSMENTS. A reassessment for a local improvement cannot be made, under Bal. Code, § 1139, unless the original assessment is in fact invalid.

SAME—VALIDITY OF ASSESSMENT—PROPERTY LIABLE.    The omission of state lands from assessment for a local improvement does not render the assessment void, where no express statutory authority existed for the assessment of state lands.

SAME—APPORTIONMENT TO CITY.    Under a charter requiring all land, liable by law to contribute to the improvement, to be assessed therefor according to benefits, the city cannot be charged with the proportion falling to state lands in the district, where there is no authority to assess state lands, and the apportionment of such portion to other property in the district is not unequal or invalid, where it does not appear that any such property was assessed in excess of benefits received.

TAXATION—PAYMENT TO PROTECT LIEN.    Payment by a city of general taxes in order to protect a supposed prior local assessment lien, is not voluntary, but is a payment in good faith, and entitles the city to a lien for the amount of the taxes paid.

Appeal from a judgment of the superior court for Spokane county, Warren, J., entered June 8, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action by a city to foreclose a local assessment lien.    Reversed.

*P. F. Quinn* and *P. C. Shine*, for appellants.

*Lester P. Edge* and *J. M. Geraghty*, for respondent.

CROW, J.—This action was brought by the city of Spokane against the Security Savings Society and others, to foreclose a street assessment on lot 4, in block 1, Nosler's Home Addition.    The general taxes for the years 1900,

[1]Reported in 89 Pac. 466.

1901, 1902 and 1903 being delinquent, the same were paid by the city, to protect its assessment lien, and it now asserts and seeks to foreclose an additional equitable lien therefor in this proceeding. The undisputed facts are, that on August 4, 1891, the city council, by ordinance A68, provided for the grading and improvement of Sprague street, now Sprague avenue, and created an assessment district therefor; that shortly thereafter a special assessment was levied on all lots and parcels of land within such district, except certain abutting real estate in school section 16, township 25, north, of range 43, east, W. M., which belonged to the state of Washington; that the entire frontage of lots and lands, located in the district and abutting upon the improved portion of the street, was 13,139.16 feet, of which 4,269.8 feet were in the school section; that no portion of the school section was assessed; that the entire cost of the improvement was assessed to the remaining portions of the abutting property; that thereafter, by ordinance A489, passed September 4, 1894, as amended by ordinance A651, passed June 16, 1896, the city of Spokane again created an assessment district, including therein the same lots and parcels of land which had been included in the original district, and provided for a reassessment to defray the original cost of the improvement; that shortly thereafter and in pursuance thereof, a reassessment was made, payable in ten annual installments, the first maturing on January 1, 1897; that lot 4 was reassessed in the total sum of $122.49; that this reassessment was ordered by the city on the theory that the original assessment was invalid; that no part of the reassessment on lot 4 has been paid, and that the original assessment has been barred by the statute of limitations.

The city, by its pleadings and evidence, contended that the original assessment of 1891 was invalid, and that, by reason thereof, it was authorized to make a reassessment under Bal. Code, § 1139 et seq. (P. C. § 3624), Laws of 1893, p. 226. The defendants, by their pleading and evi-

dence, contended (1) that the original assessment was valid; (2) that the reassessment was invalid, the city being without any authority to make the same, and (3) that the payment of the delinquent general taxes by the city was voluntary and cannot be recovered in this action. The trial court made findings in favor of the city, and entered a decree foreclosing its lien for the reassessment, and also for the delinquent general taxes which it had paid. The defendants have appealed.

Although making many assignments of error, the appellants present but two questions for our consideration: (1) Did the trial court err in holding the original assessment of 1891 invalid; (2) did the trial court err in allowing the city a lien for the delinquent general taxes paid by it. The city properly concedes that it could not legally reassess unless the original assessment was void. It will thus be seen that the fundamental question in this case is the validity of the original assessment. The trial court held it invalid, and that the reassessment was authorized and valid. There is nothing in the record to show that the original assessment has at any time been set aside, annulled, or declared void, directly or indirectly, by the judgment or decree of any court. It seems to have been abandoned by the city authorities as invalid. The respondent alleged several grounds of invalidity, but the only one upon which it relied at the trial, and now relies, is that the action of the city in assessing the entire cost of the improvement on a part only of the abutting lots or lands was oppressive, unjust, inequitable, and therefore void. In other words, that the failure to assess that portion of the state's land located within the district constituted a fatal defect. While the city practically concedes that no assessment on the school section could have been collected from the state, it nevertheless contends that it was without authority or power to impose upon the other property of the district that proportion of the cost which would ordinarily have been assessed against the state property, had it belonged

to private individuals. Its theory is that the state's proportion of the cost should be paid by the city, while the remainder thereof should be assessed upon the other property of the district which was subject to assessment. Under § 1139, *supra,* the authority of the city to make a reassessment depends on the invalidity of the original assessment. It has been held by this court that no prior adjudication of such invalidity is a necessary condition precedent to the exercise of the city's authority to reassess. *State ex rel. Hemen v. Ballard,* 16 Wash. 418, 47 Pac. 970; *Tumwater v. Pix,* 18 Wash. 153, 51 Pac. 353; *Young v. Tacoma,* 31 Wash. 153, 71 Pac. 742.

It is nevertheless necessary that the original assessment shall, as a matter of law, be invalid to authorize a reassessment. In the absence of any showing to the contrary, it will be presumed that the proceedings of the city authorities in making the original assessment were regular, when, as in this instance, they are attacked in a collateral proceeding. If upon their face they do not appear to be void, and no showing of jurisdictional defects is made, they must and will on collateral attack, stand as valid and regular. In this action the respondent city collaterally attacks the original assessment, while the appellants collaterally attack the reassessment, claiming it to have been made without authority. If the records upon their face fail to disclose some lack of jurisdiction, or authority to make the original assessment, or some fatal defect in the procedure, then such original assessment must stand as valid, in which event the reassessment would fail for want of authority in the city to make and enforce the same. We fail to understand how the first assessment was invalidated by the mere omission of the state lands therefrom. The respondent has cited no charter or statutory authority which, in the year 1891, conferred upon it the power to assess state lands. In the absence of express statutory authority, the city could not subject lands of the state to a special assessment for local improvements. Authority

therefor is not conferred by a statute which in general terms delegates power to the city to levy special assessments upon private property benefited by the improvement.  25 Am. & Eng. Ency. Law (2d ed.), pp. 1186-7.  Hamilton, Law of Special Assessments, § 313.

The city, however, contends that, as the state land was not assessed, and the entire cost of the improvement was imposed upon the other portions of the district, the assessment thus made was unjust, inequitable and oppressive on such portions, and therefore void.  Section 61 of the charter of Spokane, in force at the time of the making of the original assessment, reads as follows:

"The city of Spokane Falls shall have power to construct and repair, or cause to be constructed and repaired, sidewalks; and to curve, grade, pave, plank, macadamize, and gutter any street or streets, highway or highways, alley or alleys therein, or any part thereof, and to levy or collect a special tax or assessment on all lots and parcels of land on each side of such street or streets, alley or alleys, highway or highways, or any part thereof to the center of the block, sufficient to pay the expenses of such improvement, and for such purpose may establish assessment districts consisting of all lots and parcels of land on each side of a portion of the whole of any such street or streets, alley or alleys, highway or highways, and to the center of the block on each side thereof. . . . and all the property within such assessment district liable by law to contribute to the improvement of such street, alley or highway, shall be assessed therefor equally and ratably in proportion to the frontage thereof upon such street. . ."

This section provided for an assessment on all property in the district *liable by law to contribute to the improvement*. All such property was assessed.  The state property, not being liable, was not assessed.

It has not been made to appear that any lots or parcels of land liable to assessment were either arbitrarily or by mistake relieved from assessment, and no showing has been made that the original assessment has in any instance exceeded the benefits conferred.  In the absence of any such showing, the

presumption arises, and will be indulged by this court, that all lots liable to assessment were included and that the benefits conferred exceeded, or at least equaled, the assessment imposed. It was necessary to pay for the cost of the improvement in some manner. None of it could be collected from the state and the respondent has cited us to no authority which, in the year 1891, conferred upon it the power to pay from its general funds that proportion of the cost which would ordinarily have fallen to the state. Nor has the city satisfactorily explained why, under the law then existing, the entire cost of the improvement could not have been assessed upon all lands in the district liable to assessment, as long as the amount charged to any one lot or tract did not exceed the benefits conferred. The original assessment has never been attacked in any direct proceeding. On the showing made, we cannot do otherwise, in this collateral proceeding, than to presume and hold that the original assessment was regular and valid, no jurisdictional or vital defects appearing. This holding leads to the conclusions, that the city had no authority to make any reassessment; that the reassessment it now seeks to enforce is void, and that it does not create any valid lien on the appellants' lot.

The appellants further contend that the trial court erred in awarding the respondent a lien for the delinquent taxes for the years 1900, 1901, 1902, and 1903, which it paid. We do not think this contention can be sustained. The payment was not a voluntary one. It was made by the city for the purpose of protecting' a local assessment lien, which it honestly believed it held and which it was asserting and attempting to enforce. The payment was made in good faith and not as an investment. *Packwood v. Briggs*, 25 Wash. 530, 65 Pac. 846; *Dunsmuir v. Port Angeles Gas W., El. L. & P. Co.*, 30 Wash. 586, 71 Pac. 9.; *Rothchild Bros. v. Rollinger*, 32 Wash. 307, 73 Pac. 367; *Ball v. Clothier*, 34 Wash. 299, 75 Pac. 1099; *Hemen v. Rinehart*, 45 Wash. 1, 87 Pac. 953.

The judgment of the superior court is reversed, and the cause remanded with instructions to enter a decree adjudging the local assessment lien claimed by the respondent to be invalid, but awarding the respondent a lien upon appellants' lot for the delinquent general taxes paid, with interest thereon from the several dates of payment. A further decree will be entered fixing a time within which such taxes shall be paid by the appellants, and directing that, if they be not so paid, an order of sale issue on behalf of the respondent for the enforcement of its lien therefor. The appellants will recover costs in this court, and the respondent in the superior court.

HADLEY, C. J., RUDKIN, MOUNT, DUNBAR, FULLERTON, and ROOT, JJ., concur.