[No. 4981.   Decided January 20, 1904.]

THE STATE OF WASHINGTON, *on Relation of the Washington Match Company et al., Plaintiff,* v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Defendant.*[1]

APPEAL—BOND—APPLICATION TO FIX AMOUNT OF SUPERSEDEAS. The fact that an appeal from an order appointing a receiver had not been perfected is not ground for the trial judge to refuse to fix the amount of the supersedeas bond on appeal, when the time for taking an appeal had not yet expired, since Bal. Code § 6506 contemplates that an appeal may be perfected by the giving of one bond as an appeal and supersedeas bond in the sum fixed by the court.

APPEAL AND ERROR—RECEIVERS—APPOINTMENT—STAY OF RECEIVERSHIP UPON APPEAL. Where a temporary receiver is appointed ex parte until a hearing can be had, and continuances are taken, until finally an order is entered in form making the temporary appointment permanent, such order is appealable as a temporary appointment regardless of its form, entitling appellant to give a bond staying the receivership; since the ex parte appointment had no force after the day of hearing, and a continuance or failure to appoint at that time had the effect to discharge the receiver, making the subsequent order a temporary appointment that could be appealed from and stayed.

Application to the supreme court filed December 22, 1903, for a writ of mandamus to compel the superior court of Pierce county, Huston, J., to fix the amount of a supersedeas bond on appeal from an order entered December 18, 1903, appointing a temporary receiver.   Writ granted.

*Reavis & Foster,* for relators.

*J. W. A. Nichols,* for defendant.

PER CURIAM.—On November 25th, 1903, W. H. Kirwin and two others began an action against the relator, a corporation, to recover some $3,500 paid in on its capital

[1]Reported in 74 Pac. 1070.

stock, which they allege to have been obtained from them by the fraud of the promoters of the corporation. At the time of filing their complaint, and without notice to the relator, they procured the appointment of a temporary receiver to take charge of the affairs of the corporation pending a hearing on an application to appoint a permanent receiver. On the day fixed for the hearing, the relator appeared, and took issue with the applicants on the question of the necessity for a receiver. A hearing was thereupon had, which was continued from time to time until the 18th day of December, 1903, when the court announced that it would make the appointment of the temporary receiver permanent. Thereupon the relator gave notice that it desired to appeal from the order making the receiver permanent, and requested the court to fix the amount of the bond the court would require to supersede the receiver pending the appeal. The court declined to fix the amount, and made an order to that effect in the following language:

"This day to wit, December 18th, 1903, this cause came on for hearing on the application of the defendants, the Washington Match Company, W. J. Winters, C. F. Reeves, W. A. Dougherty, F. S. Shaw and W. E. Anderson, for an order fixing the amount of a supersedeas bond to be filed by said defendants, superseding the order and judgment heretofore made in this cause continuing the appointment of Frank B. Cole as Receiver, heretofore appointed in this cause on November 25th, 1903, without notice or intimation to these defendants, or any one of them.

"The Court, on consideration thereof, finds said order appointing and continuing the said Cole as Receiver in this cause is interlocutory and not appealable, and the court refuses said application and denies the same, and refuses to fix any amount of a supersedeas bond pending the appeal of said cause in the supreme court of the said state of Washington, and refuses to fix any supersedeas bond. To all of which the said defendants except."

The relator thereupon applied to this court for an alternative writ of mandate requiring the court to fix the amount or show cause why it should not do so. For return to the writ, the court makes two contentions: First, that the relator had not appealed from the order making the appointment of the receiver permanent at the time he applied for the order of supersedeas; and, second, that his subsequent appeal was from an interlocutory order, not an "order appointing or removing, or refusing to appoint or remove, a receiver."

Neither of these contentions is well taken. The statute (§ 6506, Bal. Code) contemplates that the appeal bond proper and the bond for stay of proceedings or supersedeas may be included in one instrument, and, as an appeal cannot be perfected without the filing of a bond within a limited time after notice is given, it would seem to follow that the appellant was entitled to have this amount fixed on application, whether he had or had not given notice of appeal. If it were shown, on return to the application, that no appeal had been taken and that the time therefor had expired, doubtless this would be a defense to the application, but when it appears, as it does in this case, that the right of appeal still exists, we think it no defense to show that appeal was not taken prior to the time the application to fix the amount of the supersedeas bond was made.

The second objection is based upon the form of the orders made, rather than upon their effect. The trial court seemed to be of the opinion that its temporary appointment of a receiver continued indefinitely, if no motion to discharge the same was made. This is not the rule. While the court may, on an *ex parte* application where an emergency is shown, appoint a receiver to take temporary charge of property until notice can be given and a hearing had on the question of the necessity for a receiver, such *ex parte*

appointment has no force beyond such hearing, and a failure to make an order after such a hearing appointing a receiver, or continuing the first appointment, would operate to discharge the temporary receiver. So whatever form the order of the 18th of December may have taken, it was in effect an order appointing a receiver and as such could 'be appealed from and superseded.

The writ will issue commanding the trial court to fix the amount of the supersedeas bond.