[No. 6427.   Decided September 18, 1907.]

WILLIAM A. LIBERT, *Appellant*, v. FRED UNFRIED *et al.,*
*Respondents.*[1]

CHATTEL MORTGAGES—RECEIVERS.   Under Bal. Code, § 5455, any
person appointed by the court to take charge of mortgaged chattels
during the pendency of foreclosure proceedings is a receiver.

APPEAL—APPEALABLE ORDERS—VACATION OF VOID APPOINTMENT OF
RECEIVER.   An *ex parte* appointment of a receiver, without any notice
of hearing or bond, is void and could only be temporarily valid
until notice could be given; and an order vacating the appointment
is not an appealable order, as the *ex parte* appointment could not be
restored or continued by the appeal.

SAME—EFFECT AND CONSTRUCTION OF ORDER.   An order vacating,
upon defendant's motion, a void *ex parte* appointment of a receiver,
is not an appealable order in that it in. effect denies plaintiff's motion
for a receiver, submitted at the same time, where (1) plaintiff's
motion only requested the confirmation of the *ex parte* order thereto-
fore made, and (2) was not noted for hearing as required, and (3)
the record shows that only the defendant's motion was considered
and passed upon.

Appeal from an order of the superior court for Garfield
county, Miller, J., entered May 12, 1906, in favor of the
defendants, dissolving a temporary restraining order and va-
cating the appointment of a receiver.   Appeal dismissed.

*Charles L. McDonald, Ben F. Tweedy,* and *Garrie W.
Jewett,* for appellant.

*I. N. Smith, J. L. Harn,* and *Gose & Kuykendall,* for re-
spondents.

CROW, J.—This action was commenced by W. A. Libert,
plaintiff, as mortgagee, against Fred Unfried and Sylvia Un-
fried, his wife, mortgagors, to foreclose a chattel mortgage
on a flock of sheep in Garfield county.   The complaint, which

[1]Reported in 91 Pac. 774.

was filed and served April 17, 1906, alleged that the defendant Fred Unfried had, without the knowledge or consent of plaintiff, sold about two hundred and sixty head of the sheep; that unless restrained he would make further sales; that the defendants were insolvent, and that the plaintiff had, at his option, under the terms of the mortgage, elected to declare all the notes thereby secured to be due and payable. On April 19, 1906, the plaintiff made an oral *ex parte* application for the appointment of some suitable person to take possession of the mortgaged property and retain the same pending the foreclosure proceedings. The court forthwith entered an order directing one T. W. Owsley to take and care for the mortgaged property, and also restrained the defendants from selling or disposing of any of the sheep or their increase. This order was made without notice to, or the knowledge of, either of the defendants. It did not require Owsley to take an oath of office or give bond. It did not on its face purport to be a temporary emergency order, nor did it fix any time for the defendants to appear upon notice and show cause why a receiver should not be appointed or why a temporary restraining order should not be made. On April 30, 1906, the defendants moved the court to dissolve the *ex parte* restraining order, and to vacate the *ex parte* order appointing the receiver. After hearing this motion, the trial court, on April 11, 1906, made and entered an order (1) dissolving the temporary restraining order, and vacating the appointment of the receiver; and (2) restraining the defendants from selling or disposing of any of the mortgaged property, the latter to become effective upon the giving of a $500 bond by the plaintiff. From the order dissolving the *ex parte* injunction and vacating the *ex parte* appointment of the receiver, the plaintiff has appealed.

The respondents have moved this court to dismiss the appeal for several reasons. We will only consider their contention that the order upon which it is based is not appealable.

Subdivision 5 of Bal. Code, § 6500, as amended (Laws 1901, page 28) authorizes an appeal from an order appointing or removing, or refusing to appoint or remove, a receiver. The appellant, in the discussion of this case upon the merits, contends that Owsley was not a receiver, but that he was an agent or representative of appellant, appointed under Bal. Code, §§ 5877 and 5878 (P. C. §§ 6542, 6533). If this contention is correct, it would necessarily follow that the order is not appealable. In 1891 the legislature passed an act relating to receivers, Bal. Code § 5455 (P. C. § 574), reading as follows:

"A receiver is a person appointed by a court or judicial officer to take charge of property during the pending of a civil action or proceeding, or upon a judgment, decree, or order therein, and to manage and dispose of it as the court or officer may direct."

Under this statutory definition, any person appointed by the court to take charge of mortgaged chattels and retain the same pending foreclosure proceedings is a receiver, whether appointed under § 5456, or §§ 5877 and 5878, *supra.* If the appellant, upon notice to respondents, had moved for the appointment of a receiver, and the court after notice and hearing had refused to make such appointment, or if an appointment had been then made and the court had afterwards removed the receiver, there can be no question but that either of such orders would be appealable. The record discloses no such orders. The trial court, without notice and on appellant's *ex parte* application, appointed Owsley without requiring any bond or directing that the respondents should be notified to appear and show cause why a receiver should not be appointed. This order was void, as it in substance directed the receiver to seize and retain respondents' property without the giving of bond. But ignoring the fact that no bond was required, this court has held that the appointment of a receiver on an *ex parte* application without notice, can only be temporarily valid as an emergency order, until the defendants

can be notified to appear and show cause. *Larsen v. Winder*, 14 Wash. 109, 44 Pac. 123, 53 Am. St. 864, distinguished in *Cole v. Price*, 22 Wash. 18, 60 Pac. 153; *State ex rel. Washington Match Co. v. Superior Court*, 34 Wash. 123, 74 Pac. 1070.

In the last-mentioned case we said:

"The trial court seemed to be of the opinion that its temporary appointment of a receiver continued indefinitely, if no motion to discharge the same was made. This is not the rule. While the court may, on an *ex parte* application where an emergency is shown, appoint a receiver to take temporary charge of property until notice can be given and a hearing had on the question of the necessity for a receiver, such *ex parte* appointment has no force beyond such hearing, and a failure to make an order after such a hearing appointing a receiver, or continuing the first appointment, would operate to discharge the temporary receiver."

Had the emergency order appointing Owsley required him to take an oath of office and give bond, and had it further directed that upon notice the respondents should appear and show cause, it would nevertheless have become inoperative after such notice and hearing. If on such hearing the court afterwards determined the case to be one for a receiver, and appointed one pending the foreclosure, unquestionably the order making such appointment would be appealable. Should this court now entertain this appeal, it could not restore or continue the original, emergency, *ex parte* order of April 17, although that seems to be the substantial object and purpose of the appeal.

The appellant, however, contends that he filed a motion for the appointment of a receiver, which was heard with respondents' motion to dissolve and vacate, and that as the substance of the order made by the trial judge was to refuse a receiver on such hearing of appellant's motion, it is appealable. This contention cannot be sustained, for several reasons: (1) The appellant's motion did not ask for the appointment of a receiver; it only requested the court to confirm

the order theretofore made, and to continue appellant's possession under his mortgage, as theretofore ordered, so as to make the property available for the satisfaction of his debt, and prevent the losing of his security, relying upon Bal. Code, §§ 5877 and 5878. (2) Appellant's motion was never noted for hearing in the manner provided by statute; and (3) the record shows that the only motion considered and passed upon by the trial court was the one interposed by respondents.

Appellant contends that his appeal must be sustained under subdivision 6 of § 6500, *supra*. An examination of the order from which he has appealed shows such contention to be utterly devoid of merit.

The motion to dismiss is sustained.

HADLEY, C. J., RUDKIN, and MOUNT, JJ., concur.