(April 10, 1913.)

## FRED UNFRIED and SYLVIA UNFRIED, Respondents, v. WILLIAM A. LIBERT, Appellant.

[131 Pac. 660.]

DAMAGES — AMENDED COMPLAINT — NEW CAUSE OF ACTION—SHEEP— WRONGFUL POSSESSION OF—STARE DECISIS—THEORY OF THE CASE— VERDICT—SUFFICIENCY OF EVIDENCE—AMOUNT OF JUDGMENT—IN- STRUCTIONS.

1. On the former appeal (see 20 Ida. 708, 730, 119 Pac. 885), it was held that no punitive or exemplary damages could be recovered in this case, and the cause was remanded for a new trial as to the actual damages sustained by the plaintiffs and the value of the wool clip of 1907.

2. *Held,* that the appellant's possession of said sheep was wrongful, and that he was responsible to the plaintiffs for the market value of such sheep at the time they were taken.

3. *Held,* that the issues made by the amended complaint after the reversal of this case on the former appeal were identical with the said two causes of action as alleged in the original complaint, and that the former decision in this case was the law of the case on a new trial thereof, as the causes of action arose out of the same transaction, involving the same wrongful trespass.

4. On the former appeal the right of the plaintiffs to maintain this action was sustained, aside from punitive damages.

5. *Held,* that the evidence is sufficient to sustain the verdict.

6. *Held,* that the instructions given by the court stated the law of the case as applied to the evidence.

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action to recover for the wrongful taking of personal property, consisting of sheep and wool. Judgment for plaintiffs. *Affirmed.*

Charles L. McDonald and Ben F. Tweedy, for Appellant.

"A mortgagee in possession of mortgaged property is entitled to be credited with all reasonable and actual expenses in caring for it." (7 Cyc. 91, 92.)

"If the respondents' are entitled to anything, they can recover in an accounting action the net proceeds only." (*Inland Trading Co. v. Edgecombe*, 57 Wash. 257, 106 Pac. 768.)

"It is well settled that the amount of the recovery cannot exceed that claimed in the complaint." (13 Cyc. 181.)

I. N. Smith, James L. Harn and Clay McNamee, for Respondents.

The law announced by this court on the former appeal is the law of the case. (*Gerber v. Nampa & M. Irr. Dist.*, 19 Ida. 765, 116 Pac. 104; *Steve v. Bonners Ferry Lumber Co.*, 13 Ida. 384, 92 Pac. 363; *Lindsey v. People*, 1 Ida. 438; *Palmer v. Utah Northern*, 2 Ida. 382, (350), 16 Pac. 553.)

An appellant cannot complain of erroneous instructions favorable to himself. (*Knollin v. Jones*, 7 Ida. 466, 63 Pac. 638.)

Where a defendant pleads over, or defendant's evidence supplies any omission or defect of plaintiff's evidence, and all the evidence together is sufficient to sustain the verdict of the jury, such verdict will be sustained. (*McClain v. Lewiston Interstate Fair & R. Assn.*, 17 Ida. 63, 104 Pac. 1015, 20 Ann. Cas. 60, 25 L. R. A., N. S., 691; *Thickey v. Clark*, 50 Or. 516, 93 Pac. 457; *Vanyi v. Portland Flouring-Mills Co.* (Or.), 128 Pac. 830.)

The former decision of this court, as well as the supreme court of Washington, shows that Libert was wrongfully in possession of all property which the receiver took. He was therefore chargeable with the greatest amount of property taken, at the highest market price. (*Unfried v. Libert*, 20 Ida. 725, 119 Pac. 885; *Livesly v. Krebs Hop. Co.*, 57 Or. 352, 97 Pac. 718, 107 Pac. 460, 112 Pac. 1; *Hamer v. Hathaway*, 33 Cal. 117; *Learock v. Paxson*, 208 Pa. 602, 57 Atl. 1097; *Kid v. Mitchell*, 1 Nott & McCord (S. C.), 334, 9 Am. Dec. 702; *Stephenson v. Price*, 30 Tex. 715; *Webster v. Moe*, 35 Wis. 75; *Weymouth v. Chicago etc. Ry. Co.*, 17 Wis. 550, 84 Am. Dec. 763; *Douglas v. Kraft*, 9 Cal. 562.)

This charge is made without deduction for expenses, which Libert claims to have made in caring for the sheep, because

he was wrongfully in possession. (*Unfried v. Libert,* 20 Ida. 708 (727), 119 Pac. 885; *Kellogg v. Malick,* 125 Wis. 239, 103 N. W. 1116 (1120–1142), 4 Ann. Cas. 893, collating cases.)

SULLIVAN, J.—This is an appeal by the defendant, who is appellant here, from a judgment based on the verdict of a jury which awarded to the respondents damages in the sum of $5,513, alleged to have been sustained by reason of a certain sheep transaction. This case was once before this court (see 20 Ida. 708, 119 Pac. 885), and on petition for rehearing (20 Ida. 730) this court held that no punitive or exemplary damages could be recovered, and also that there could be no recovery for the wool clip in question for 1906, and remanded the case for a new trial as to the actual damages, if any, sustained by the plaintiffs. The facts are very fully stated in the former opinion and will not be repeated here.

An amended complaint was filed after the case was remanded, wherein and whereby the plaintiffs claimed damages in the sum of $6,153, with interest.

The action is based on three causes of action, and on motion the second cause was stricken from the complaint and the cause was tried on the first and third causes of action. From a judgment in favor of the plaintiff and from an order denying a new trial, this appeal was taken.

Counsel for appellant contend that during the time appellant held said sheep he had possession of them for the purpose of foreclosing his mortgage. The facts show that appellant's possession of said sheep was wrongful, taken, in the first place, under a void order purporting to appoint a receiver, which receiver was thereafter removed, and notwithstanding his removal the appellant still unlawfully and wrongfully kept possession of the sheep.

This court held on the former appeal (see 20 Ida. 729, 119 Pac. 885) as follows:

"But where, as in this case, the facts show that the appellant wrongfully took possession of the mortgaged property and retained the same and converted such property to his

own use or permitted it to be lost or injured or destroyed, he is responsible to the owner for the market value of such property at the time the same was taken."

The supreme court of Washington also held that the possession under the void order appointing said receiver was wrongful. (See *Libert v. Unfried,* 47 Wash. 182, 91 Pac. 774.) Notwithstanding the fact that the supreme court of Idaho as well as the supreme court of Washington held that Libert's possession was wrongful and unlawful, counsel for appellant contend that Libert's possession was rightful under the mortgage, and contend in their brief for a reversal of the case on that ground as well as upon certain other grounds. Counsel for appellant contend that the issues of the second trial were so different from those on the first that the former decision in this case would not be the law of this case on the new trial. An examination of the pleadings and the issues made by them refute this contention.

The second trial of this case was had upon two causes of action: The first relates to the wrongful taking of the sheep and certain other property which the receiver took and the value of the property, with interest, from the time of its taking; the second cause involved the wool clip from said sheep for 1907. The two causes of action which were submitted to the jury are identical with the two causes of action which were involved on the former appeal. They arise out of the same transaction, relate to the same rights between the same parties, concern the same subject-matter, and involve the same wrongful trespass. There is no merit in that contention of counsel.

On the former appeal this court directed that a new trial be had in this case upon the theory of the law as laid down in that decision and in harmony with the views therein expressed, and held that the cause ought to be submitted to a jury with a view of arriving at a correct estimate of the actual damages, "free from all notion of inflicting any punitive or exemplary penalty on the appellant." It appeared in the former case that the jury had allowed punitive damages, and on the former appeal this court concluded that the evidence

was insufficient to sustain any award for punitive or exemplary damages. The right of the plaintiff to maintain the action was sustained aside from punitive damages. It was there settled that Libert's possession of said sheep was wrongful. A retrial of the case was ordered for the purpose of arriving at a correct estimate of damages, and the record shows that the case was retried upon that theory. It will serve no good purpose for us to enter into a discussion of the evidence here or to quote extensively from it, but on a careful examination of it we are satisfied that it amply sustains the verdict of the jury.

Counsel contends that the verdict is greater than the prayer of the complaint or than the facts stated in the complaint would justify. The sums claimed and the interest which may be legally computed thereon amount to as much as the verdict of the jury. Even if that were not so, and the evidence on the trial clearly showed that the damages were greater than the amount prayed for, the court could have directed the prayer to be amended to conform to the evidence or could have entered judgment for the amount of damages established by the evidence. (Sec. 4229, Rev. Codes.)

Some objection is made to the instructions given by the trial court to the jury. Upon a careful examination of those instructions, we are satisfied that the instructions were correct as applied to the facts of this case.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered, with costs in favor of the respondents.

Ailshie, C. J., and Stewart, J., concur.

Petition for rehearing denied.