[No. 12576.   Department Two.   August 11, 1915.]

THE STATE OF WASHINGTON, *on the Relation of H. B. Ridgely et al., Plaintiff*, v. THE SUPERIOR COURT FOR CHELAN COUNTY *et al., Respondents.*[1]

RECEIVERS — APPOINTMENT — NOTICE. An order appointing a receiver without notice, and without limiting the appointment to a day certain fixed by the court upon which a hearing can be had, is without jurisdiction and void.

SAME—APPOINTMENT—PROCEEDINGS—VALIDITY—ESTOPPEL. Where an order appointing a receiver without notice was void for want of jurisdiction, a motion to quash the order of appointment, and acquiescence in the order of the court denying the motion, does not estop the party from questioning the subsequent acts of the court in issuing a writ of assistance to put the receiver in possession; since the appointment being void, the court was without jurisdiction to issue the writ of assistance.

Certiorari to review an order of the superior court for Chelan county, Grimshaw, J., entered December 31, 1914, granting a writ of assistance, in proceedings for the ap-

[1]Reported in 150 Pac. 1153.

pointment of a receiver for an insolvent corporation. Reversed.

*Reeves, Crollard & Crollard,* for relators.

*Sam R. Sumner, Reeves Aylmore, Jr.,* and *Gay & Kelleran,* for respondents.

FULLERTON, J.—On October 23, 1912, Nancy C. Howell and J. D. Gibbs, as copartners, began an action in the superior court of King county against the Blewett Mine Leasing Company, a corporation, alleging facts tending to show that they were minority stockholders in the corporation; that the corporation was insolvent; that it had forfeited its franchise and was subject to dissolution; that a receiver was necessary to preserve its property, and prayed for the appointment of a receiver, and for such other relief as was appropriate under the allegations of the complaint. On the day the complaint was filed, the court entered an *ex parte* order appointing one A. E. Flagg "to be receiver of all of the property of the defendant company, . . . to immediately qualify . . . as receiver . . . and to immediately take possession all and singular the property, real, personal and mixed of the defendant company . . ." The receiver immediately qualified as directed, by taking the oath and giving bond as required, and later on demanded possession of the corporation's property from its secretary and treasurer, who refused to turn the property over to him. Subsequently an additional order was made, likewise *ex parte*, directing the receiver to take possession of the property of the corporation. Subsequently the receiver, acting under this order, demanded the books of the corporation from the secretary, which were denied him. He thereupon sought an order of the court for possession of the books, and obtained an order against the secretary requiring him to show cause why the same should not be delivered to him. This application seems not to have been prosecuted further, and neither

the books of the corporation nor its property were ever de-
livered to him.

On November 12, 1912, the corporation appeared and de-
murred to the complaint. Later on it moved for a change
of venue of the action from the county of King to the county
of Chelan, and in separate motion filed at the same time, but
"without prejudice to its foregoing motion to change the
venue of the above entitled action, but still insisting thereon,
and only in the event said motion be denied and overruled,"
moved to quash the *ex parte* order appointing the receiver.
The court granted the motion for change of venue and, in the
same order, denied the motion to quash; the order being en-
tered on October 24, 1914.

After the cause had been transferred to Chelan county, the
superior court of that county, on an application made upon
notice, granted to the receiver a writ of assistance, dated
December 31, 1914, directed to the sheriff of Chelan county,
commanding that officer to put the receiver in possession of
the property of the corporation.

The present proceeding is brought on the relation of H. B.
Ridgely, The Blewett Mine Leasing Company, Chris Cor-
bett and others, to review the last mentioned order, and the
prior orders of the court made with relation to the receiver-
ship. It is the contention of the relator that the original
order appointing the receiver is void because made without
notice, and that all subsequent orders made with reference
thereto are likewise void because of the invalidity of the
original order.

The statutes relating to the appointment of receivers are
found in Rem. & Bal. Code, §§ 740 to 744 inclusive (P. C.
81 §§ 531 to 543). While these statutes define the causes for
which a receiver may be appointed with some minuteness,
they are silent as to the method of procedure necessary to
procure an appointment of a receiver, and silent as to the
necessity of notice to the opposing party of the grounds
upon which and the time at which an application for such

an appointment will be made. This court has heretofore held, however, that the appointment of a receiver without notice, and without limiting the appointment to a day certain, fixed by the court, upon which the parties adversely affected by the appointment could appear and contest the appointment, is without jurisdiction and void. *Larsen v. Winder*, 14 Wash. 109, 44 Pac. 123, 53 Am. St. 864; *Cole v. Price*, 22 Wash. 18, 60 Pac. 153; *State ex rel. Washington Match Co. v. Superior Court*, 34 Wash. 123, 74 Pac. 1070; *Libert v. Unfried*, 47 Wash. 182, 91 Pac. 774.

In *Larsen v. Winder*, the court, after stating the rule relative to the necessity of notice to the adverse party of an application for the appointment of a receiver, quoted with approval from *Salling v. Johnson*, 25 Mich. 489, the following:

"It is not necessary to explain that such a proceeding [the appointment of a permanent receiver without notice] is not within the judicial power of any one, and is a pure usurpation. The order can not lawfully be enforced, and should be expunged, as soon as possible, as made without proper consideration."

In *State ex rel. Washington Match Co. v. Superior Court*, the following language was used:

"The trial court seemed to be of the opinion that its temporary appointment of a receiver continued indefinitely, if no motion to discharge the same was made. This is not the rule. While the court may, on an *ex parte* application where an emergency is shown, appoint a receiver to take temporary charge of property until notice can be given and a hearing had on the question of the necessity for a receiver, such *ex parte* appointment has no force beyond such hearing, and a failure to make an order after such a hearing appointing a receiver, or continuing the first appointment, would operate to discharge the temporary receiver."

It is objected by the respondents that an order appointing a receiver, made without notice to the adverse party, is voidable rather than void, and will be deemed acquiesced in unless

moved against within a reasonable time. Cases are cited from other jurisdictions which maintain the doctrine, and an argument is put forth attempting to show that our own cases are not inconsistent therewith. But we think they are inconsistent. On the question whether such an order is void or only voidable, the courts in other jurisdictions are divided, and we have joined with the courts holding such orders void. This rule we have adhered to since the early history of the court, and departure therefrom is not now to be considered.

Again, the respondents say that the relators other than the Blewett Mine Leasing Company have no standing in this court, since they were not parties to the action below, and that the Blewett Mine Leasing Company is estopped from questioning the appointment of the receiver, because it moved to quash the order of appointment in the court below and acquiesced in the order of the court denying its motion. But it is plain that, if the order appointing the receiver had no validity as an order when made, it was not given validity by this motion. To move to strike from the record a void order does not make the order valid, nor does it estop the moving party from questioning subsequent acts of the court based upon the order. The case of *Flueck v. Pedigo*, 55 Wash. 646, 104 Pac. 1119, does not maintain a contrary doctrine. That case is rested on the principle of *res judicata*. The plaintiff sought to try out in one proceeding a question that had been adjudicated against him in another. The court held him estopped by reason of the judgment in the former proceeding, but took care to say that it did not hold the judgment against which the attack was made to be a valid judgment.

In the argument advanced on the part of the respondents, it is assumed that the receiver was at one time in the possession of this property and was ousted therefrom by the relators. We cannot accept this view of the record. As we read it, the receiver never was in possession and never made any serious attempt, prior to the time he procured the order

in review, to obtain possession.   The argument based on this theory of the case by the respondent does not therefore require notice.   It is our opinion that the original order of the court appointing the receiver was void, and that, in consequence, the court below was without jurisdiction to direct the issuance of the writ of assistance here in review.   The order directing the writ to issue is therefore reversed, and the writ directed to be quashed.

MORRIS, C. J., CROW, ELLIS, and MAIN, JJ., concur.