[No. 6140. Decided July 27, 1906.]

J. W. WHEELER COMPANY, *Respondent,* v. A. C. PATES
et al., *Appellants.*[1]

TAXATION—PURCHASER AT VOID SALE—LIEN FOR SUBSEQUENT
TAXES. Purchasers at a void tax foreclosure sale, who in good faith
pay subsequent taxes in the belief that they have title, are not mere
volunteers but are entitled to a lien for the amount of the taxes paid,
although meantime the title was attacked and litigation was waged
in good faith.

SAME—TRANSFER OF TAX TITLE—RIGHT TO RECOVER TAXES PAID
BY GRANTOR. Upon the transfer of a void tax title, the payment in
good faith of subsequent taxes by any of the grantors inures to the
benefit of grantees for a valuable consideration, entitling the last
grantee to a lien for all such taxes paid.

SAME—INTEREST. The holders of a void tax title who acquire a
lien for subsequent taxes, paid by them in good faith, are not entitled
to the statutory interest charge of fifteen per cent, but can recover
interest at the legal rate only, from the time the payments were
made until tender.

COSTS—ON APPEAL—REDUCTION OF JUDGMENT. Upon the affirm-
ance of a judgment, except a reduction in a substantial amount
(thirty dollars), the appellants are entitled to their costs on appeal.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered December 18, 1905, in favor of
the plaintiff, after a hearing on the merits, decreeing a lien
against land for taxes and assessments paid by the holders
of an invalid tax title. Modified.

*P. P. Carroll* and *John E. Carroll,* for appellants.

*Byers & Byers,* for respondent.

HADLEY, J.—This action was brought for the purpose of
subjecting certain land to a lien for taxes and assessments
paid thereon by one not the real owner. On or about Janu-
ary 4, 1900, one Bailey purchased a delinquent tax certificate
from the treasurer of King county, which purported to be
for delinquent taxes upon the land in question. He thereafter

[1]Reported in 86 Pac. 625.

brought suit to foreclose, and as a result thereof obtained a
deed from the county treasurer for the property.    There-
after, the superior court of King county adjudged that the
foreclosure aforesaid was null and void, and that the title
acquired by Bailey thereunder was of no force and effect,
and on or about the 20th day of May, 1905, this court af-
firmed the judgment.    Pending all these proceedings, the
interest of Bailey in the supposed tax title was, by mesne
conveyances through Bailey and his grantees, transferred
to the plaintiff herein.    Meantime the taxes and assessments
in question were paid, most of them by the plaintiff and a
part by Bailey, the first grantor of the tax title.    On or
about June 14, 1905, the defendants offered to pay to plain-
tiff the taxes and assessments which had been paid by Bailey
and the plaintiff, and the offer was refused.    The court held
that the plaintiff is entitled to a lien upon the land for the
aggregate of the several amounts paid, together with fifteen
per cent per annum interest on the amounts of the respective
payments from the dates they were made until June 14, 1905.
Such a lien was by decree declared, the land was ordered sold
for the satisfaction thereof, and the defendants were awarded
their costs in the action.    The defendants have appealed.

It is contended that neither the respondent, which is a
corporation, nor its grantors ever had any actual interest in
the property which justified them in assuming to pay the
taxes and assessments, and that they were mere volunteers.
We think the evidence does not support this contention.    The
payments were undoubtedly made in good faith, believing
that a tax title existed.    It is true that meantime that title
was attacked, but litigation thereon was waged in evident
good faith and was even carried to this court.    The pay-
ments having been made in good faith and in the belief
that the payors had title to the land, they were not mere
volunteers.    The payments have all inured to the benefit of
the land, and under the circumstances and within the previous

holdings of this court, the land should be charged with a lien
for the amount paid.

It is urged, however, that the respondent has not shown
itself entitled to a lien for all of these taxes and assessments,
inasmuch as there were several intermediate grantors between
Bailey and respondent, and the court found that the pay-
ments were made by Bailey and the grantors of respondent
and by respondent. It was stated at the trial that no pay-
ments were made except by Bailey and respondent, and the
statement was not disputed, but appellants may not have been
advised as to the fact in that regard. Be that as it may,
when payments were made by Bailey or any of his grantees,
they were made on the faith of the supposed tax title, and
they inured to the benefit thereof. When Bailey and his
grantees transferred the supposed title, presumably, of
course, for a valuable consideration, they transferred what-
ever belonged with it, or what had inured to its benefit. All
rights which the several grantors had arising from or inci-
dental to the supposed title were transferred by their deeds.
Among these was the right to a lien for taxes and assess-
ments paid for the benefit of the supposed title, which right
as between the several grantors and the grantees became an
incident to that title. Respondent as the last grantee of that
title is, therefore, the holder of all it contained and of all
that was incidental to it, and is entitled to a lien for the
whole amount paid.

It is also contended that the judgment is excessive in that
the fifteen per cent per annum rate of interest allowed upon
the several payments was without authority in law. We
think this contention must be sustained. Respondent's right
of recovery is not based upon any statute, but it is upon
purely equitable grounds arising from the fact that the pay-
ments made have inured to the benefit of appellants and
have accomplished for them the discharge of a duty with
respect to the land which they, as the real owners, were under
obligations to discharge themselves. No right of recovery

exists here by reason of a certificate of delinquency which would by statute authorize the recovery of the rate of interest specified by the trial court. In the absence of a statute authorizing the recovery upon a given cause of action of a greater rate of interest than the legal rate, no higher rate can be imposed. In this respect the judgment must therefore be modified so as to include interest at the legal rate only upon the several payments from the time they were made until June 14, 1905. The court fixed the latter date evidently for the reason that it was on that day that appellants offered to pay respondent the taxes, and the offer was refused. The judgment in that particular was right and, for the same reason, the judgment properly awarded appellants their costs in the court below.

The judgment is in all respects affirmed, except as to the amount of interest allowed, and since the modification of the judgment effects a substantial reduction in the amount, approximating $30, appellants are entitled to recover their costs on this appeal. The cause is therefore remanded, with instructions to modify the judgment in accordance with this opinion, and appellants shall recover their costs on the appeal.

MOUNT, C. J., DUNBAR, CROW, RUDKIN, and FULLERTON, JJ., concur.