[No. 7306. Decided January 11, 1909.]

WILL A. CHILDS, *Appellant,* v. MINNIE GOOD SMITH *et al.,*
*Respondents.*[1]

MORTGAGES—FORECLOSURE—LIMITATION OF ACTIONS — ESTOPPEL TO ASSERT — RENEWAL NOTES — CONSTRUCTION OF PROVISION FOR. A mortgagor is not estopped to set up the defense of the statute of limitations by a clause in a mortgage providing that if the debt is not paid at maturity the same may be renewed and said renewal note and interest shall be secured by the mortgage and continue a lien upon the premises until the debt and all renewals shall be fully paid; and the mortgage and note are barred by the lapse of six years after the last renewal.

TAXATION—RIGHTS OF MORTGAGEE—EQUITABLE LIEN—PAYMENT OF TAXES. A mortgagee whose mortgage is outlawed has an equitable lien for taxes and special assessments paid by him in good faith under the belief that his mortgage was valid; and the same is not a voluntary payment when made for the purpose of protecting the mortgage lien.

SAME—LIMITATION OF ACTIONS — LIEN FOR TAXES — SUBROGATION. The equitable lien of a mortgagee for general taxes paid in good faith is not barred by the statute of limitations, since the statute could not be set up against the county or state, to whose rights the mortgagee is subrogated; the statute providing that taxes are a lien until paid.

SAME—LIEN FOR SPECIAL ASSESSMENTS—MUNICIPAL CORPORATIONS. The equitable lien of a mortgagee for the amount of special assessments paid in good faith is barred by the lapse of ten years after the date .of delinquency of the assessments; since the rights of the city to enforce the assessments are barred at that time, and the mortgagee is simply subrogated thereto.

[1]Reported in 99 Pac. 304.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered November 12, 1907, in favor of defendants upon an agreed statement of facts, dismissing an action for the foreclosure of a mortgage. Reversed.

*John L. Wiley*, for appellant.

*Merritt, Oswald & Merritt*, for respondents.

Crow, J.—This action was commenced on April 16, 1907, by Will A. Childs, against Minnie Good Smith and J. Carter Smith, her husband, to foreclose a mortgage on lot 12, block 1, of Chandler's Addition to the city of Spokane. The plaintiff alleged, that on June 27, 1890, the defendants executed and delivered to the Northwestern Guaranty Loan Company, a corporation, their note for $350, payable December 27, 1890, secured by their mortgage on the real estate above mentioned, the same being the mortgage sought to be foreclosed in this action; that on December 8, 1892, they executed and delivered to the Northwestern Guaranty Company a renewal note for the same debt, payable June 27, 1893; that no payments of either principal or interest have been made thereon; that by mesne conveyances the plaintiff, on October 7, 1893, became the owner and holder of the renewal note and mortgage; that the defendants neglected to pay taxes and special assessments which had become valid liens on the real estate; that plaintiff paid such general taxes for all years from 1893 to 1903, inclusive, except for the years 1898 and 1899; that on January 14, 1904, he also paid $155.03 to the city of Spokane on delinquent street assessments, and that for such taxes and assessments he holds an equitable lien. The defendants alleged that the cause of action in the complaint stated did not accrue within six years prior to the commencement of this suit, and that it is barred by the statute of limitations. The trial court held with the defendants on this issue, and entered a final judgment in their favor, dismissing the action. The plaintiff has appealed.

There is no dispute as to the facts. The mortgage contained a stipulation reading as follows:

"It is further expressly agreed and understood by and between the parties hereto that in the event said promissory note is not paid at the maturity thereof, together with the interest due thereon, or any part thereof, the same may be renewed at the option of the said party of the second part, and said renewal note and interest shall be secured by this mortgage, and the same shall continue a lien upon said premises until the debt hereby secured and any and all renewals thereof, shall be fully paid and satisfied."

The appellant contends that he has at all times relied upon this stipulation as a waiver of any defense under the statute of limitations, and as preserving to him a continuing lien upon the premises; that he has therefore refrained from bringing suit by foreclosure or otherwise within the statutory period and that the respondents should be estopped by the express terms of their contract from pleading the bar of the statute. The appellant falls into error in his interpretation of the clause above quoted. It simply accorded to him the right to demand and obtain renewal notes. This he failed to do, after one renewal had been made, and at all times after he purchased the note and mortgage. His mortgage lien and note are therefore barred, being more than six years past due. The trial court properly sustained the plea of the statute of limitations to the note and mortgage.

The appellant further contends that the trial court erred in refusing him an equitable lien for the taxes and assessments which he has paid. This contention should be sustained. Believing he held a valid mortgage lien not barred by the statute of limitations, the appellant in good faith paid the delinquent taxes and assessments for the purpose of protecting such lien. These payments were not voluntarily made. In *Wheeler Co. v. Pates*, 43 Wash. 247, 86 Pac. 625, the holder of a void tax deed, claiming title, paid taxes on the land subsequent to the tax foreclosure and sale His deed was afterwards adjudged to be invalid, but this court recog-

nized his right to an equitable lien for the subsequent taxes so paid by him, saying:

"Respondent's right of recovery is not based upon any statute, but it is upon purely equitable grounds arising from the fact that the payments made have inured to the benefit of appellants and have accomplished for them the discharge of a duty with respect to the land which they, as the real owners, were under obligations to discharge themselves."

In *Hemen v. Rinehart*, 45 Wash. 1, 87 Pac. 953, the plaintiff commenced an action to quiet his title to certain real estate as against a pretended judgment lien asserted by the defendants. In their answer the defendants pleaded facts upon which they relied to sustain the validity of their judgment lien, and also pleaded their payment of certain delinquent taxes to protect the same. Their judgment had become dormant, and it was held that they were entitled to no lien thereunder; but in passing upon their claim to a lien for the taxes this court said:

"The first affirmative defense does, however, allege the payment of $231.20 of general taxes by the appellants, which they made for the purpose of protecting their asserted lien. These payments were not voluntary, but were made in good faith. The judgment was an actual lien for the period of five years after its rendition, and the appellants have in good faith, although erroneously, believed and insisted that they have continued to hold a lien until the present time. Under the previous decisions of this court, they are entitled to an equitable lien on the land for the total amount of taxes paid by them, with interest from the several dates of payment."

See, also, *Spokane v. Security Sav. Society*, 46 Wash. 150, 89 Pac. 466.

The payment of the general taxes by the appellant Childs has prevented the respondents' property from being sold for delinquent taxes. It nowhere appears that they at any time paid or offered to pay the taxes for which a lien is now claimed by the appellant. Appellant did not make a volun-

tary payment, nor did he intend to protect the title for the benefit of the respondents. Although mistaken, he honestly believed he held a valid mortgage lien, not barred by the statute of limitations, and made the payments for the sole purpose of protecting such supposed lien. Under these circumstances, he is entitled to an equitable lien on the land to secure the taxes so paid by him under a misapprehension, and is also entitled to interest thereon from the respective dates of payment at the rate of six per cent per annum. The respondents are in no position to plead the statute of limitations as against these general taxes, or the appellant's equitable lien therefor. When appellant made the payments he was equitably subrogated to the rights and liens held by the county and state. Respondents did not make the payments, and they could not successfully interpose a plea of the statute of limitations against the state or county, if they still held the tax liens and were seeking to enforce the same. *Port Townsend v. Eisenbeis*, 28 Wash. 533, 68 Pac. 1045; *Denman v. Steinbach*, 29 Wash. 179, 69 Pac. 751.

Bal. Code, § 1740 (P. C. § 8678) provides that taxes assessed upon real estate shall, after levy, be a lien thereon until paid. Had no payment of these general taxes been made by the appellant, and had there been no tax foreclosure, the lien would still exist in favor of the county and state, and respondents' property would still be subject thereto. It would be inequitable and a manifest injustice to permit the respondents to now secure a release of their property from the lien held by the appellant by a plea of the statute of limitations. To avoid such a miscarriage of justice the appellant should be equitably subrogated to all the rights and liens of the county and state.

What we have said in regard to the general taxes applies to the special assessments, except that appellant's equitable lien therefor might be barred by the statute pertaining to such assessments. The record fails to show when they became delinquent. Under the act of 1895 (Bal. Code, § 1150;

P. C. § 3637), an action by the city to enforce its lien would be barred in ten years after delinquency. If at the time of the commencement of this action more than ten years had elapsed since the original delinquency to the city on the special assessments afterwards paid by appellant, his equitable lien therefor would be barred; otherwise not. Although he is entitled to be subrogated to the rights of the city, he cannot hold a lien for any longer time than the city itself could have successfully asserted the same. While on .equitable principles he succeeds to the rights and lien of the city, it is manifest that he can acquire nothing more. The pleadings set forth all the facts necessary to show the appellant's equitable lien for the taxes and assessments. The parties are all before the court, and their rights should be finally determined in this action.

The judgment is reversed, and the cause remanded with instructions to the trial court to ascertain the amount of the general taxes, and also assessments not barred, with six per cent interest thereon from the respective dates of payment, to decree the appellant an equitable lien on the land therefor, to enter a judgment foreclosing the same, and to award him an order of sale to enforce payment. The appellant will recover costs in this court.

FULLERTON, MOUNT, and RUDKIN, JJ., concur.