[No. 9038.　Department Two.　March 13, 1911.]

H. M. Gould *et al.*, *Respondents*, v. Asa E. White *et al.*, *Appellants.*[1]

Appeal—Decision—Remand—Proceedings Below. Upon reversing and remanding a case with instruction to determine the rights of the parties under the betterment act, a supplemental answer setting up the bar of a judgment in favor of third parties is demurrable; as the decision on appeal is conclusive.

Same. Upon remanding a case, because of insufficiency of the evidence to fix the value of property, additional evidence of the value is properly taken.

Taxation —Foreclosure —Vacation —Interest. Upon setting aside a void tax foreclosure, six per cent interest is properly allowed upon taxes paid, since the statutory penalty of 15 per cent runs only from the time the certificate is taken out until the taxes are paid, whether voluntarily or by foreclosure.

Taxation—Foreclosure—Vacation—Recovery of Possession—Judgment—Form. Under § 3 of the betterment statute for the protection of occupants of land who had made improvements or paid taxes, the plaintiff should be given a provisional judgment granting the statutory options, title and immediate possession to be secured by final judgment in favor of the party entitled to receive it, at the expiration of the time limited.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 2, 1910, in favor of the plaintiff, in an action to set aside tax judgments, after a trial before the court without a jury.　Modified.

*O. L. Willett*, for appellants.

*Sullivan & Stevens*, for respondents.

Chadwick, J.—This case has been before the court (54 Wash. 394, 103 Pac. 460), and was sent back with instructions to enter a decree establishing the rights of the parties pursuant to the provisions of the statute of 1903, Laws 1903, page 262, known as the betterment act (Rem. & Bal. Code, § 797 *et seq.*).　This court fixed the value of the improve-

[1]Reported in 114 Pac. 159.

ments at $250. Because of the uncertain character of the
testimony, the value of the property itself was not fixed.
The case was remanded with instructions to the lower court
to find this figure, as well as the amount of taxes, etc., paid
by the appellants. When the case came on for hearing
in the lower court, appellants sought to show, by a supple-
mentary answer, that respondent had, while this action was
pending, brought a possessory action against the tenants of
these appellants, who were then in possession; that such action
was dismissed for want of prosecution, and with prejudice;
and that the judgment rendered therein is a bar to further
proceedings herein. The court sustained a demurrer to the
supplemental answer, and this is the first error assigned.

We think the order of the lower court was proper. Its
duty was enjoined by the judgment of this court, and the
right of possession in a third party who was not a party to
the action could in no way affect the right of respondents as
against appellants.

It is also insisted that the value of the lot should have been
determined under the evidence taken at the former trial, and
the statement of facts on that trial was offered as evidence
and rejected by the court. As we have said, it was because
the evidence at the former trial was unsatisfactory that we
remanded the case for further hearing under the betterment
act. Had we been satisfied to enter a judgment fixing the
value of the lot upon that evidence, we would have done so.
The court proceeded to take additional evidence, which was
objected to by appellants. The evidence was properly re-
ceived, and the finding of the court is conclusive. In passing
it may be said that the value fixed by the court, $2,000, is
the same amount alleged to be the value of the lot by appel-
lants in their answer to the original complaint.

The court allowed interest at the rate of six per cent per
annum on taxes paid. It is contended that, inasmuch as
fifteen per cent is allowed on redemption certificates, and
that the judgment of foreclosure, the validity of which was

the bone of contention in the former appeal, was held to be void, they are still in effect and vital to carry the increased rate of interest. The penalty rate of interest is statutory, and runs only from the time the certificate is taken out until the taxes are paid, whether voluntarily or upon foreclosure. *Wheeler Co. v. Pates*, 43 Wash. 247, 86 Pac. 625; *Childs v. Smith*, 51 Wash. 457, 99 Pac. 304, 130 Am. St. 1107. This allowance is made to induce the payment of taxes, and does not, and in our judgment could not, fix the contract rights of parties beyond its terms. We find no error in this regard.

The lower court adjudged that respondents were entitled to the immediate possession of the premises, notwithstanding the original proceeding was, as it has been held by this court, a direct attack upon the judgment in the tax foreclosure proceedings, and the question of possession would be in no way involved. Section 3 (Id., 799), seems to contemplate a determination of the legal right of possession, but is obscure as to the time when the possession shall begin. We think the judgment of the lower court should be modified in the respect complained of, and that in this and all like cases a provisional judgment should be entered, granting the statutory options, and upon the expiration of the time fixed in the statute, a final judgment should be entered vesting title and an immediate right of possession in the party entitled to receive it. The cause will be remanded with instructions to modify the judgment in this regard.

DUNBAR, C. J., and CROW, J., concur.

MORRIS, J., took no part.