## DUNBAR *v.* CITY OF NEW YORK.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 160.  Argued January 21, 1920.—Decided March 1, 1920.

The owner of a building in New York City demised it to tenants who in breach of their covenant failed to pay the city's water-charge based on the measured amount of water they consumed. *Held*, that the imposing of a lien for the charge thus incurred by the tenants, under charter provisions operative when the lease was made, did not deprive the owner of property without due process of law. P. 517.

Constitutional rights cannot be based on error in prior court decisions. P. 518.

177 App. Div. 647, affirmed.

THE case is stated in the opinion.

*Mr. Harold G. Aron,* with whom *Mr. Henry M. Wise* was on the brief, for plaintiff in error.

*Mr. William Herbert King,* with whom *Mr. William P. Burr* and *Mr. Charles E. Lalanne* were on the brief, for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Plaintiff in error, to whom we shall refer as plaintiff, is the owner of certain real property and a building thereon

in the City of New York which she leased to William Hills and William Hills, Jr., copartners doing business under the style of William Hills, Jr.   The lessee covenanted to pay the charges for water which should be assessed against or imposed upon the building during the lease, and if not so paid it should be added to the rent then due or to become due.

The copartnership was subsequently adjudged bankrupt and at the time of the petition was indebted to the city in the sum of $379.89 for water supplied as measured by two meters which had been installed in the property.

The city proved no claim in bankruptcy and a motion by plaintiff for an order directing the trustee to pay the water charges as a tax entitled to preference under the Bankruptcy Act was denied on the ground that they were not a tax.

The plaintiff then brought this action to cancel the charge as a lien upon the property and prayed an injunction against its enforcement.

The contention against the charge of the city and the lien it asserts is that they are in violation of § 1 of the Fourteenth Amendment of the Constitution of the United States and because they deprive plaintiff of property without due process of law.

Plaintiff's argument is somewhat difficult to state briefly.   It commences by declaring that the question presented was left open in *Provident Institution* v. *Jersey City,* 113 U. S. 506, which sustained the postponement of mortgages to the lien of water rents because it was said in that case that the complainant in the case knew what the law was when the mortgages were taken, and therefore "its own voluntary act, its own consent," was "an element in the transaction."

Counsel assumes that the case presented an instance of an express consent.   In that counsel is mistaken.   The consent was implied from the fact that the law imposing

the water rents preceded the mortgages. And so in the water charge in controversy, it was imposed and made a lien on plaintiff's property by the charter of the city and therefore the Supreme Court at the first instance and afterwards in Appellate Division, and we may assume the Court of Appeals, decided that the consent of plaintiff could be implied, and any other conclusion would have been impossible. A city without water would be a desolate place and if plaintiff's property was in such situation it would partake of the desolation. And as a supply of water is necessary it is only an ordinary and legal exertion of government to provide means for its compulsory compensation.

It is of no consequence, therefore, at whose request the meters were installed in the property. The meters as observed by the Appellate Division were "not the instrumentalities for furnishing the water," they only registered its consumption. And besides, the lease made by plaintiff contemplated the use of water by the lessees and provided, as far as the lessor (plaintiff) could, for the payment of the charges for it. That her tenants defaulted in their obligation by reason of their bankruptcy was her misfortune but it did not relieve the property, which, we may say, would be unfit for human habitancy if it could not get water.

Counsel appear to rely on prior decisions of the court for relief of plaintiff, one in the Supreme Court, in which, it is said, a doubt was intimated whether a statute making a lessor liable for the personal debt of a lessee for water would be constitutional; and one in the Court of Appeals which, to quote counsel, "having decided in 1910, three years prior to the inception of the charges for which the lien is claimed, that the statute meant what the earlier case had suggested, the lien became unconstitutional" and plaintiff cannot be charged with an "implication of assent" to it. Without attempting an estimate of the

contention it is enough to say that the decision in this case and other cases are opposed to the contention, and that besides no constitutional rights can be based on the error of prior decisions.

*Judgment affirmed.*