[No. 39090.    En Banc.    May 2, 1968.]

THE STATE OF OREGON, *on the Relation of Dean Ellis et al.,* Appellant, v. CHARLES L. KRAUSE, *Respondent.**

*Robert Y. Thornton, Walter J. Apley,* and *Charles E. Gallup,* for appellant.

HILL, J.—The state of Oregon through its tax commission brought this action, pursuant to the reciprocal tax enforcement statutes (ORS 305.250 (now 305.610) and RCW 4.24.140; 4.24.141[1]) existing between the states of Washing-

*Reported in 440 P.2d 468.

[1]"Action by another state to enforce tax liability. The courts of the state shall recognize and enforce the liability for taxes lawfully imposed by the laws of any other state which extends a like comity in respect to the liability for taxes lawfully imposed by the laws of this state and the officials of such state are hereby authorized to bring an action in all the courts of this state for the collection of such taxes: *Provided,* That the courts of this state shall not recognize claims for such taxes against this state or any of its political subdivisions: *Provided, further,* That the time limitations upon the bringing of such actions which may be imposed by the laws of such other state shall not be tolled by the absence from such state of the person from whom the taxes are sought. The certificate of the secretary of state of such other state to the effect that such officials have the authority to collect the

ton and Oregon, to enforce Oregon income tax claims for 5 years (1953 to 1957 inclusive) together with penalties and interest.

The complaint was filed in Skamania County August 14, 1962; the defendant having been served personally on May 15, 1961.

The answer raised the issue of the statute of limitations.

The case was tried June 17, 1963, and on October 11, 1963, the trial judge filed a memorandum opinion directing the attorneys for the defendant to prepare a judgment of dismissal. However, the attorneys did nothing for almost 3 years. On June 9, 1966, findings of fact, conclusions of law, and a decree of dismissal were entered, based on the trial court's conclusion that the 2-year statute of limitations was applicable (RCW 4.16.130), *i.e.*, that it was "An action for relief not hereinbefore provided for." The last taxable year claimed in the complaint was 1957, and the trial court concluded that the statute of limitations commenced to run on the taxes for that year on April 15, 1958, when the Oregon law required a return on the 1957 income to be filed and the tax to be paid, if one was due.

The complaint by the state of Oregon in the present action not having been served on the defendant until May 15, 1961, the trial court concluded there could be no recovery. The decree provided:

> That the cause or causes of action set forth in the plaintiff's complaint are barred by the statute of limitations of the State of Washington and that the above-entitled action is hereby dismissed . . . .

taxes sought to be recovered by such action shall be conclusive proof of that authority." (RCW 4.24.140)

" 'Taxes' defined. The term 'Taxes' as used in RCW 4.24.140 shall include:

"(1) Any and all tax assessments lawfully made whether they be based upon a return or other disclosure of the taxpayer, upon information and belief of the taxing authority, or otherwise;

"(2) Any and all penalties lawfully imposed pursuant to a tax statute;

"(3) Interest charges lawfully added to the tax liability which constitutes the subject of the action." (RCW 4.24.141)

From this judgment of dismissal the state of Oregon has appealed.

Briefly stated, the appellant's position is that the state of Oregon does not have any time limitations on its right to collect income taxes, including penalty and interest, where there has been, as in the present case, a timely assessment of the taxes due.[2]

■ It is, seemingly, the almost universal rule that statutes limiting the time for action by the government in collecting its taxes are to be strictly construed in favor of the government. *Warm Springs Lumber Co. v. State Tax Comm'n,* 217 Ore. 219, 342 P.2d 143 (1959).

This court, in *State v. Vinther,* 176 Wash. 391, 393, 29 P.2d 693 (1934), declared:

> That the sovereign state can neither be sued nor debarred from suing in its own courts without its consent, is an accepted principle of law, needing no citation of authorities for its support.[3]

The respondent has not favored us with an appearance or a brief on this appeal.[4]

We have two cases construing our reciprocal tax collection statute: *Alaska v. Baker,* 64 Wn.2d 207, 390 P.2d 1009 (1964), and *Alaska v. Petronia,* 69 Wn.2d 460, 418 P.2d 755 (1966), each affirming the right of the state of Alaska to collect its taxes from Washington residents in our courts. The latter case involved the collection of income taxes.

Our reciprocal tax collection statute states that the term "taxes" includes "Any and all penalties lawfully imposed pursuant to a tax statute," and "Interest charges lawfully added to the tax liability which constitutes the subject of the action." (RCW 4.24.141; see note 1.)

---

[2]Counsel for the state of Oregon while contending that there is no applicable statute of limitations, contends further that if there were such a statute, it would not begin to run from the date fixed by the trial court. We do not reach a consideration of the issue of when such a statute begins to run.

[3]If further expressions of this truism are needed, see *Home Owners' Loan Corp. v. Tacoma,* 4 Wn.2d 166, 102 P.2d 832 (1940); *Brace & Hergert Mill Co. v. State,* 49 Wash. 326, 334, 95 Pac. 278 (1908).

[4]We recognize that this opinion is subject to the questions that are always present when the testing process of the adversary system is missing.

■    Unless the trial court correctly applied some statute of limitations, the judgment of dismissal must be reversed. Any applicable statute of limitations would be Oregon's. Our reciprocal tax collection statute clearly contemplates that this is intended since it provides:

> That the time limitations upon the bringing of such actions which may be imposed by the laws of such other state shall not be tolled by the absence from such state of the person from whom the taxes are sought. (RCW 4.24.140)

The state of Oregon asserts that there are no statutes of limitation in that state barring it from the collection of the income taxes due it, and the penalties and interest assessed for the failure to make returns and pay such taxes. None is pleaded; and, as we have indicated, the respondent taxpayer suggests none. We will search no further.

This disposes of the case. Inasmuch as we made a distinction between the defendant's liability for the tax and his liability for the penalties and interest in *Alaska v. Baker, supra,* and make no such distinction in this case, some further explanation would seem to be necessary. In *Alaska v. Baker, supra,* an Alaska statute of limitations (similar to our RCW 4.16.100[5]) was deemed to be applicable to an action to collect penalties and interest on a tax liability. Oregon has no statute of limitations applicable to penalties and interest imposed on a tax liability. We are here concerned only with whether there is an applicable Oregon statute of limitations.

The trial court erred in concluding that the state of Oregon's action to recover its income taxes, penalties and interest was barred by the Washington statute of limitations; and the judgment of dismissal is set aside and the cause remanded to the superior court with directions to enter an appropriate judgment.

ALL CONCUR.

---

[5]RCW 4.16.100 provides for a 2-year statute of limitation upon "(2) An action upon a statute for a forfeiture or penalty to the state." It has never been applied to penalties or interest in connection with taxes, and such an application was not involved in *Alaska v. Baker, supra.*