The Honorable Don Myers State Representative, 82nd District 613 Briarwood Derby, Kansas 67037
Dear Representative Myers:
You request our opinion concerning whether the city of Derby may place a lien on real property for unpaid sewer service charges pursuant to K.S.A. 12-631k when the collecting entity is a private water company. You also inquire whether the lien can be placed on rental property where the property owner is not the person responsible for incurring the sewer service charges.
Our understanding is that the city of Derby in 1977 granted a franchise to Kansas El Paso Water Company to supply the city with water pursuant to K.S.A. 12-2001 et seq. K.S.A. 12-2003 allows the city to impose a requirement in the franchise agreement that the company serve as the city's agent in billing and collecting sewer service charges established by the city. Such a requirement exists in the franchise agreement in question (ordinance no. 996). In 1979 the city established sewer service charges pursuant to K.S.A. 12-631g in order to pay for the operation and maintenance of the waste water treatment works (ordinance no. 1060).
K.S.A. 12-631k provides, in relevant part, as follows:
 "In the event any person . . . living or operating on premises connected to a sanitary sewer, shall . . . fail . . . to pay the service charges fixed by the governing body of said city . . . for the operation of the sewage disposal system, such charges shall constitute a lien upon the real estate served by the connection to the sewer. . . ."
It is our opinion that the city has the authority to establish sewer service charges and impose liens on real property if the charges are not paid, regardless whether the collecting agent is a private company operating under a franchise agreement with the city because K.S.A. 12-2003 allows a city to use the franchisee as its agent for the collection of sewer charges imposed by the city.
Additionally, in Cook v. City of Enterprise, 233 Kan. 1039 (1983) the Supreme Court concluded that a city may impose a lien on a landlord's property for unpaid utility charges even if it was the tenant's responsibility to pay the charges in the first place:
 "In the case of Dunbar v. City of New York, 251 U.S. 516, 64 L.Ed. 384, 40 S.Ct. 250 (1920) . . . a landlord attacked a lien created by the charter of the city of New York against the landlord's property for water consumed by a tenant. The court held that the landlord's property is not being taken without due process within the meaning of the fourteenth amendment; that it could reasonably be implied that the landlord consented to the use of water by the tenant and had knowledge of the law and the provisions of the city charter. In like manner, we hold that it is not arbitrary or a denial of due process to require a landlord to pay for utility services which ultimately benefit his property, even though the primary obligation to pay for those services is upon the tenant."
Based on the analysis in Cook, it is our opinion that it is proper for the city to impose a lien against the real estate even if the owner of the property is not the user of the service.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm